Scott E. Davis, OSB No. 022883
Email: scott.davis@klarquist.com
Todd M. Siegel, OSB No. 001049
Email: todd.siegel@klarquist.com
KLARQUIST SPARKMAN, LLP
121 S.W. Salmon St., Ste. 1600
Portland, Oregon 97204
Telephone: (503) 595-5300
Facsimile: (503) 595-5301

Attorneys for Plaintiffs
LIGHTFORCE USA, INC. and
HVRT Corp.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| LIGHTFORCE USA, INC. d/b/a NIGHTFORCE OPTICS and NIGHTFORCE USA, a Washington corporation, and HVRT CORP., a Washington corporation, <br><br> Plaintiffs, <br><br> v. <br><br> LEUPOLD & STEVENS, INC., an Oregon corporation, <br><br> Defendant. | Civil Case No.: 17-cv-1153 <br><br> **COMPLAINT FOR PATENT INFRINGEMENT** <br><br> **DEMAND FOR JURY TRIAL** |

COMPLAINT FOR PATENT INFRINGEMENT                                        Page 1

COMES NOW Plaintiffs Lightforce USA, Inc., d/b/a Nightforce Optics and Nightforce USA ("Nightforce"), and HVRT Corp. ("HVRT"), collectively "Plaintiffs", by their undersigned attorneys, and for their Complaint against Leupold & Stevens, Inc. ("Leupold" or "Defendant"), states and alleges as follows:

<u>**NATURE OF THE ACTION**</u>

1.      This is a civil action for patent infringement, injunctive relief, and damages arising out of the infringement of United States Patent Number 6,453,595 ("the '591 patent"), United States Patent Number 8,109,029 ("the '029 patent"), United States Patent Number 8,656,630 ("the '630 patent"), United States Patent Number 8,707,608 ("the '608 patent"), United States Patent Number 8,966,806 ("the '806 patent"), United States Patent Number 9,335,123 ("the '123 patent"), collectively "the patents-in-suit".  The patents-in-suit relate to target acquisition devices such as telescopic gunsights and components thereof, particularly reticles, for increasing shooting accuracy and distance.  This action arises under the patent laws of the United States and is based on an actual controversy between the parties with respect to the infringement of the patents-in-suit.  True and accurate copies of the patents-in-suit are attached hereto as EXHIBITS A-F.

<u>**PARTIES**</u>

2.      Plaintiff Nightforce is a Washington corporation with its principal place of business in Orofino, Idaho.

3.      Plaintiff HVRT is a Washington corporation with its principal place of business in Lewiston, Idaho.

4.      Upon information and belief, Defendant Leupold & Stevens, Inc. is an Oregon corporation with its principal place of business in Beaverton, Oregon.

## JURISDICTION AND VENUE

5.      This is a civil action for patent infringement, injunctive relief, and damages arising under the United States Patent Act, 35 U.S.C. §§ 1 *et seq.*  Jurisdiction and venue are conferred upon this Court pursuant to 28 U.S.C. §§ 1331, 1332, 1338(a), and 1391(b) and (c).

6.      This Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7.      This Court has personal jurisdiction over Defendant because, upon information and belief, Defendant conducts business throughout the United States and in this District, has its principal place of business within this District, has engaged and continues to engage in infringing activities in this District, and has placed and continues to place infringing products into the stream of commerce, with knowledge or understanding that such products are sold in the State of Oregon, including in this District.  Upon information and belief, Defendant purposefully avails themselves of the privilege of conducting activities in Oregon, thus invoking the benefits and protections of the laws of Oregon.  Defendant's acts have caused and continue to cause injury to Plaintiffs within this District.

8.      Venue in this Court is proper under 28 U.S.C. § 1391 because Defendant conducts business in this District, engages in infringing activities in this District, is subject to personal jurisdiction in this District, has its principal place of business within this District, and has had and continues to have substantial contacts with this forum.

## FACTS

9.      HVRT is a company engaged in the business of licensing products in the fields of target acquisition devices, firearm scopes, and reticles, and is the owner by valid assignment of

the patents-in-suit.  HVRT is the assignee of the patents-in-suit, having acquired the patents from the original assignee, Horus Vision, LLC.  HVRT may enforce the patents-in-suit.

10.    Nightforce is a company engaged in the business of selling products in the fields of target acquisition devices, firearm scopes, and reticles, and is a licensee of the patents-in-suit, within the relevant fields, with the right to enforce the patents-in-suit.

11.    On information and belief, Defendant has developed, manufactured, imported, used, offered to sell, and/or sold, and/or continue to develop, manufacture, use, offer to sell, and/or sell scopes and/or target acquisition devices listed in EXHIBITS G-N that contain reticles, including, but not limited to reticles marketed as ILLUM. IMPACT-23 MOA, IMPACT-29 MOA, ILLUM. IMPACT-29 MOA, IMPACT-32 MOA, ILLUM. IMPACT-45 MOA, CMR-W GRID, TS-29 X1, and TS-32 X1 reticles.

12.    Defendant has had actual knowledge of the infringement of claim(s) of the patents-in-suit, excluding the '123 patent, since no later than December 15, 2015.  On that date, Mikael Crowther of Leupold and David Casimir, representative for the Plaintiffs, discussed on the telephone, among other issues, the patents-in-suit and Leupold's infringement thereof.  The telephone call of December 15, 2015 was in response to a letter sent by Horus Vision LLC on July 29, 2015 to Leupold, listing the '591, '029, '630, '608, and '806 patents.

13.    Defendant has had actual knowledge of the acquisition of the patents-in-suit by HVRT.  On August 1, 2016, a letter indicating that HVRT had acquired Horus Vision's intellectual property was sent to Mikael Crowther of Leupold.  That letter also reiterated Plaintiffs' desire to resolve the issue of Leupold's infringement.

14.    Defendant has had actual knowledge of the '123 patent since no later than June 13, 2017.  On that date, David Casimir, representative for the Plaintiffs, communicated via telephone the complete list of the patents-in-suit to Leupold's counsel.

15.    Leupold has refused to acknowledge the patents-in-suit, cease its infringing activities, or compensate Plaintiffs for damages caused by its infringement.

<u>COUNT I</u>

<u>PATENT INFRINGEMENT</u>

<u>UNITED STATES PATENT NO. 6,453,595</u>

16.    Plaintiffs incorporate by reference the allegations of paragraphs 1 through 15 above, as if fully set forth herein.

17.    On information and belief, Defendant has been infringing, and are still infringing, at least claims 1, 5, 9, 19, and 20 of the '595 patent, in violation of 35 U.S.C. § 271, by, at least, their activities in connection with the target acquisition devices, scopes, and reticles made, used, sold, and/or produced by Leupold, having substantially equivalent structure and function such as reticles containing a plurality of aiming points formed by vertical and horizontal cross-hairs and rangefinding markings.  Such reticles, target acquisition devices and/or scopes include, but are not limited to, the ILLUM. IMPACT-23 MOA, IMPACT-29 MOA, ILLUM. IMPACT-29 MOA, IMPACT-32 MOA, ILLUM. IMPACT-45 MOA, CMR-W GRID, TS-29 X1, and TS-32 X1 reticles, and the scopes and/or target acquisition devices listed in EXHIBITS G-N. Defendant has infringed and continues to directly infringe the aforementioned claims of the patents-in-suit by importing, making, using, selling, and/or offering to sell in the United States one or more scopes and/or reticles, including but not limited to those identified in this Complaint, in violation of 35 U.S.C. § 271.

COMPLAINT FOR PATENT INFRINGEMENT                                           Page 5

18.     Defendant has been directly infringing the aforementioned claims of the '595 patent in the United States, including in this Judicial District.

19.     Defendant's patent infringement has allowed Defendant to unfairly reap a commercial and competitive advantage and savings in, *inter alia*, research, development, and operational time and cost.

20.     Defendant's patent infringement has been willful and deliberate, with full knowledge of the '595 patent and Plaintiffs' rights therein.

21.     Defendant's infringement of the '595 patent has caused, and unless restrained and enjoined, will continue to cause irreparable harm to Plaintiffs that cannot be adequately quantified or compensated by monetary damages alone and for which there is no adequate remedy at law. Plaintiffs are entitled to preliminary and permanent injunctive relief preventing Defendant from continuing to engage in patent infringement.

22.     As a direct and proximate result of Defendant's patent infringement, Plaintiffs are entitled to recover actual damages in an amount to be proven at trial, but in no event less than a reasonable royalty.

23.     Defendant's conduct as alleged herein constitutes an exceptional case under 35 U.S.C. § 285, entitling Plaintiffs to the attorneys' fees and costs incurred in this action.

## COUNT II

## PATENT INFRINGEMENT

## UNITED STATES PATENT NO. 8,109,029

24.     Plaintiffs incorporate by reference the allegations of paragraphs 1 through 23 above, as if fully set forth herein.

25.     On information and belief, Defendant has been infringing, and are still infringing, at least claims 1-8, 10, 11, 14-27, 29, and 31 of the '029 patent, in violation of 35 U.S.C. § 271,

by, at least, their activities in connection with the target acquisition devices, scopes, and reticles made, used, sold, and/or produced by Leupold, having substantially equivalent structure and function such as reticles containing an aiming point formed by vertical and horizontal cross-hairs. Such reticles, target acquisition devices and/or scopes include, but are not limited to, the ILLUM. IMPACT-23 MOA, IMPACT-29 MOA, ILLUM. IMPACT-29 MOA, IMPACT-32 MOA, ILLUM. IMPACT-45 MOA, CMR-W GRID, TS-29 X1, and TS-32 X1 reticles, and the scopes and/or target acquisition devices listed in EXHIBITS G-N. Defendant has infringed and continues to directly infringe the aforementioned claims of the patents-in-suit by importing, making, using, selling, and/or offering to sell in the United States one or more scopes and/or reticles, including but not limited to those identified in this Complaint, in violation of 35 U.S.C. § 271.

26.    Defendant has been directly infringing the aforementioned claims of the '029 patent in the United States, including in this Judicial District.

27.    Defendant's patent infringement has allowed Defendant to unfairly reap a substantial commercial and competitive advantage and savings in, *inter alia*, research, development, and operational time and cost.

28.    Defendant's patent infringement has been willful and deliberate, with full knowledge of the '029 patent and Plaintiffs' rights therein.

29.    Defendant's infringement of the '029 patent has caused, and unless restrained and enjoined, will continue to cause irreparable harm to Plaintiffs that cannot be adequately quantified or compensated by monetary damages alone and for which there is no adequate remedy at law. Plaintiffs are entitled to preliminary and permanent injunctive relief preventing Defendant from continuing to engage in patent infringement.

COMPLAINT FOR PATENT INFRINGEMENT                                    Page 7

30.    As a direct and proximate result of Defendant's patent infringement, Plaintiffs are entitled to recover actual damages in an amount to be proven at trial, but in no event less than a reasonable royalty.

31.    Defendant's conduct as alleged herein constitutes an exceptional case under 35 U.S.C. § 285, entitling Plaintiffs to the attorneys' fees and costs incurred in this action.

## COUNT III

## PATENT INFRINGEMENT

## UNITED STATES PATENT NO. 8,656,630

32.    Plaintiffs incorporate by reference the allegations of paragraphs 1 through 31 above, as if fully set forth herein.

33.    On information and belief, Defendant has been infringing, and are still infringing, at least claims 1-8, 10, 11, 14-27, 29, and 31 of the '630 patent, in violation of 35 U.S.C. § 271, by, at least, their activities in connection with the target acquisition devices, scopes, and reticles made, used, sold,  and/or produced by Leupold, having substantially equivalent structure and function such as reticles containing an aiming point formed by vertical and horizontal cross-hairs.  Such reticles, target acquisition devices and/or scopes include, but are not limited to, the ILLUM. IMPACT-23 MOA, IMPACT-29 MOA, ILLUM. IMPACT-29 MOA, IMPACT-32 MOA, ILLUM. IMPACT-45 MOA, CMR-W GRID, TS-29 X1, and TS-32 X1 reticles, and the scopes and/or target acquisition devices listed in EXHIBITS G-N.  Defendant has infringed and continues to directly infringe the aforementioned claims of the patents-in-suit by importing, making, using, selling, and/or offering to sell in the United States one or more scopes and/or reticles, including but not limited to those identified in this Complaint, in violation of 35 U.S.C. § 271.

COMPLAINT FOR PATENT INFRINGEMENT                                    Page 8

34.     Defendant has been directly infringing the aforementioned claims of the '630 patent in the United States, including in this Judicial District.

35.     Defendant's patent infringement has allowed Defendant to unfairly reap a substantial commercial and competitive advantage and savings in, *inter alia*, research, development, and operational time and cost.

36.     Defendant's patent infringement has been willful and deliberate, with full knowledge of the '630 patent and Plaintiffs' rights therein.

37.     Defendant's infringement of the '630 patent has caused, and unless restrained and enjoined, will continue to cause irreparable harm to Plaintiffs that cannot be adequately quantified or compensated by monetary damages alone and for which there is no adequate remedy at law. Plaintiffs are entitled to preliminary and permanent injunctive relief preventing Defendant from continuing to engage in patent infringement.

38.     As a direct and proximate result of Defendant's patent infringement, Plaintiffs are entitled to recover actual damages in an amount to be proven at trial, but in no event less than a reasonable royalty.

39.     Defendant's conduct as alleged herein constitutes an exceptional case under 35 U.S.C. § 285, entitling Plaintiffs to the attorneys' fees and costs incurred in this action.

**COUNT IV**

**PATENT INFRINGEMENT**

**UNITED STATES PATENT NO. 8,707,608**

40.     Plaintiffs incorporate by reference the allegations of paragraphs 1 through 39 above, as if fully set forth herein.

41.     On information and belief, Defendant has been infringing, and are still infringing, at least claims 1-8, 10, 11, 14-27, 29, and 31 of the '608 patent, in violation of 35 U.S.C. § 271,

by, at least, their activities in connection with the target acquisition devices, scopes, and reticles made, used, sold,  and/or produced by Leupold, having substantially equivalent structure and function such as reticles containing an aiming point formed by vertical and horizontal cross-hairs.  Such reticles, target acquisition devices and/or scopes include, but are not limited to, the ILLUM. IMPACT-23 MOA, IMPACT-29 MOA, ILLUM. IMPACT-29 MOA, IMPACT-32 MOA, ILLUM. IMPACT-45 MOA, CMR-W GRID, TS-29 X1, and TS-32 X1 reticles, and the scopes and/or target acquisition devices listed in EXHIBITS G-N.  Defendant has infringed and continues to directly infringe the aforementioned claims of the patents-in-suit by importing, making, using, selling, and/or offering to sell in the United States one or more scopes and/or reticles, including but not limited to those identified in this Complaint, in violation of 35 U.S.C. § 271.

42.    Defendant has been directly infringing the aforementioned claims of the '608 patent in the United States, including in this Judicial District.

43.    Defendant's patent infringement has allowed Defendant to unfairly reap a substantial commercial and competitive advantage and savings in, *inter alia*, research, development, and operational time and cost.

44.    Defendant's patent infringement has been willful and deliberate, with full knowledge of the '608 patent and Plaintiffs' rights therein.

45.    Defendant's infringement of the '608 patent has caused, and unless restrained and enjoined, will continue to cause irreparable harm to Plaintiffs that cannot be adequately quantified or compensated by monetary damages alone and for which there is no adequate remedy at law. Plaintiffs are entitled to preliminary and permanent injunctive relief preventing Defendant from continuing to engage in patent infringement.

46.    As a direct and proximate result of Defendant's patent infringement, Plaintiffs are entitled to recover actual damages in an amount to be proven at trial, but in no event less than a reasonable royalty.

47.    Defendant's conduct as alleged herein constitutes an exceptional case under 35 U.S.C. § 285, entitling Plaintiffs to the attorneys' fees and costs incurred in this action.

**COUNT V**

**PATENT INFRINGEMENT**

**UNITED STATES PATENT NO. 8,966,806**

48.    Plaintiffs incorporate by reference the allegations of paragraphs 1 through 47 above, as if fully set forth herein.

49.    On information and belief, Defendant has been infringing, and are still infringing, at least claims 1-8, 10, 11, 14-27, 29, and 31 of the '806 patent, in violation of 35 U.S.C. § 271, by, at least, their activities in connection with the target acquisition devices, scopes, and reticles made, used, sold,  and/or produced by Leupold, having substantially equivalent structure and function such as reticles containing an aiming point formed by vertical and horizontal cross-hairs.  Such reticles, target acquisition devices and/or scopes include, but are not limited to, the ILLUM. IMPACT-23 MOA, IMPACT-29 MOA, ILLUM. IMPACT-29 MOA, IMPACT-32 MOA, ILLUM. IMPACT-45 MOA, TS-29 X1, and TS-32 X1 reticles, and the scopes and/or target acquisition devices listed in EXHIBITS G-K, M, and N.  Defendant has infringed and continues to directly infringe the aforementioned claims of the patents-in-suit by importing, making, using, selling, and/or offering to sell in the United States one or more scopes and/or reticles, including but not limited to those identified in this Complaint, in violation of 35 U.S.C. § 271.

50.     Defendant has been directly infringing the aforementioned claims of the '806 patent in the United States, including in this Judicial District.

51.     Defendant's patent infringement has allowed Defendant to unfairly reap a substantial commercial and competitive advantage and savings in, *inter alia*, research, development, and operational time and cost.

52.     Defendant's patent infringement has been willful and deliberate, with full knowledge of the '806 patent and Plaintiffs' rights therein.

53.     Defendant's infringement of the '806 patent has caused, and unless restrained and enjoined, will continue to cause irreparable harm to Plaintiffs that cannot be adequately quantified or compensated by monetary damages alone and for which there is no adequate remedy at law. Plaintiffs are entitled to preliminary and permanent injunctive relief preventing Defendant from continuing to engage in patent infringement.

54.     As a direct and proximate result of Defendant's patent infringement, Plaintiffs are entitled to recover actual damages in an amount to be proven at trial, but in no event less than a reasonable royalty.

55.     Defendant's conduct as alleged herein constitutes an exceptional case under 35 U.S.C. § 285, entitling Plaintiffs to the attorneys' fees and costs incurred in this action.

**COUNT VI**

**PATENT INFRINGEMENT**

**UNITED STATES PATENT NO. 9,335,123**

56.     Plaintiffs incorporate by reference the allegations of paragraphs 1 through 55 above, as if fully set forth herein.

57.     On information and belief, Defendant has been infringing, and are still infringing, at least claims 1-3, 5, 7, 8, 10, 12, 13, 15, 17, 19-28, 30, 32, 33, 35, 37, 38, 40, 42, 44-51, 60, 62,

64, 66, 67, 69, 71, 72, 74, 76, 78-87, 89, 91, 92, 94, 96, 97, 99, 101, and 103-110 of the '123 patent, in violation of 35 U.S.C. § 271, by, at least, their activities in connection with the target acquisition devices, scopes, and reticles made, used, sold, and/or produced by Leupold, having substantially equivalent structure and function such as reticles containing an aiming point formed by vertical and horizontal cross-hairs. Such reticles, target acquisition devices and/or scopes include, but are not limited to, the CMR-W GRID reticle, and the scopes and/or target acquisition devices listed in EXHIBIT L. Defendant has infringed and continues to directly infringe the aforementioned claims of the patents-in-suit by importing, making, using, selling, and/or offering to sell in the United States one or more scopes and/or reticles, including but not limited to those identified in this Complaint, in violation of 35 U.S.C. § 271.

58.    Defendant has been directly infringing the aforementioned claims of the '123 patent in the United States, including in this Judicial District.

59.    Defendant's patent infringement has allowed Defendant to unfairly reap a substantial commercial and competitive advantage and savings in, *inter alia*, research, development, and operational time and cost.

60.    Defendant's patent infringement has been willful and deliberate, with full knowledge of the '123 patent and Plaintiffs' rights therein.

61.    Defendant's infringement of the '123 patent has caused, and unless restrained and enjoined, will continue to cause irreparable harm to Plaintiffs that cannot be adequately quantified or compensated by monetary damages alone and for which there is no adequate remedy at law. Plaintiffs are entitled to preliminary and permanent injunctive relief preventing Defendant from continuing to engage in patent infringement.

62.     As a direct and proximate result of Defendant's patent infringement, Plaintiffs are entitled to recover actual damages in an amount to be proven at trial, but in no event less than a reasonable royalty.

63.     Defendant's conduct as alleged herein constitutes an exceptional case under 35 U.S.C. § 285, entitling Plaintiffs to the attorneys' fees and costs incurred in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment as follows:

A.     That the claims of the patents-in suit are valid and enforceable.

B.     That Defendant be held to have infringed the patents-in-suit.

C.     For the entry of an order preliminarily and permanently enjoining Defendant, their subsidiaries, affiliates, parents, successors, assigns, officers, agents, servants, employees, attorneys, and all persons acting in concert or in participation with them, or any of them, from infringing, contributing to the infringement of, and inducing infringement of the patents-in-suit, and specifically from directly or indirectly making, using, importing, selling, or offering for sale, any products embodying the inventions of the patents-in-suit during the life of the claims of the patents-in-suit, without the express written authority of Plaintiffs.

D.     That Defendant be directed to fully compensate Plaintiffs for all damages attributable to Defendant's infringement of the patents-in-suit in an amount according to proof at trial, including, but not limited to, reasonable royalties and lost profits.

E.     For an award of enhanced damages, pursuant to 35 U.S.C. § 284.

F.     That Defendant be ordered to deliver to Plaintiffs, for destruction at Plaintiff's option, all products that infringe the patents-in-suit.

G.      That Defendant be required to account for all gains, profits, advantages, and unjust enrichment derived from its violations of law.

H.      For an award of pre-judgment and post-judgment interest and costs pursuant to 35 U.S.C. § 284.

I.      That Defendant be required to pay Plaintiffs its costs of suit, including its attorneys' fees pursuant to 35 U.S.C. § 285.

J.      That Plaintiffs have such other, further, and different relief as the Court deems proper under the circumstances.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury of all issues triable of right by a jury in the above-captioned case.


Dated: July 25, 2017                    *s/Todd M. Siegel*_____
                                         Scott E. Davis, OSB No. 022883
                                         scott.davis@klarquist.com
                                         Todd M. Siegel, OSB No. 001049
                                         todd.siegel@klarquist.com
                                         KLARQUIST SPARKMAN, LLP
                                         121 S.W. Salmon Street, Suite 1600
                                         Portland, Oregon 97204
                                         Telephone: (503) 595-5300
                                         Fax: (503) 595-5301


                                         Attorneys for Plaintiffs
                                         Lightforce USA, Inc. and HVRT Corp.