**Scott D. Eads,** OSB #910400
Email: seads@schwabe.com
**Jason A. Wrubleski**, OSB #120524
Email:  jwrubleski@schwabe.com
SCHWABE, WILLIAMSON & WYATT, P.C.
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Facsimile: 503.796.2900

Attorneys for Defendant Leupold & Stevens, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **LIGHTFORCE USA, INC. d/b/a NIGHTFORCE OPTICS** and **NIGHTFORCE USA,** a Washington corporation, and **HVRT CORP.,** a Washington corporation,<br><br>              Plaintiffs,<br><br>     vs.<br><br>**LEUPOLD & STEVENS, INC.,** an Oregon corporation,<br><br>              Defendant. | No. 3:17-cv-01153-AC<br><br>**DEFENDANT LEUPOLD'S MOTION TO DISMISS COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)** |

Page 1 -    DEFENDANT LEUPOLD'S MOTION TO DISMISS COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

## LR 7-1 CERTIFICATION

Pursuant to LR 7-1, counsel for Defendant telephonically conferred with counsel for Plaintiffs on the substance of this motion on September 21, 2017. Counsel were unable to resolve their dispute.

## MOTION

Plaintiffs' Complaint, relying on a single boilerplate infringement allegation, does not plausibly allege infringement of any of its 187 asserted patent claims. Therefore, Defendant Leupold & Stevens, Inc. ("Leupold") moves the Court to dismiss the claims of Plaintiffs Lightforce USA, Inc. d/b/a Nightforce Optics and Nightforce USA and HVRT Corp. (collectively "HVRT"), under Federal Rule of Civil Procedure 12(b)(6) for failure to meet the minimum pleading requirements of Federal Rule of Civil Procedure 8(a). *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## MEMORANDUM OF POINTS AND AUTHORITIES

HVRT accuses Leupold of directly infringing "at least" 187 patent claims from six separate U.S. patents,[1] each directed to a particular form of aiming reticle used in firearm scopes, such as depicted in the Figures of the Asserted Patents reproduced below:

---

[1] Specifically, HVRT alleges that Leupold infringes "at least claims 1, 5, 9, 19, and 20" of U.S. Patent No. 6,453,595 ("the '595 patent"); "at least claims 1-8, 10, 11, 14-27, 29, and 31" of U.S. Patent No. 8,109,029 ("the '029 patent"); "at least claims 1-8, 10, 11, 14-27, 29, and 31" of U.S. Patent No. 8,656,630 ("the '630 patent"); "at least claims 1-8, 10, 11, 14-27, 29, and 31" of U.S. Patent No. 8,707,608 ("the '608 patent"); "at least claims 1-8, 10, 11, 14-27, 29, and 31" of U.S. Patent No. 8,966,806 ("the '806 patent"); and "at least claims 1-3, 5, 7, 8, 10, 12, 13, 15, 17, 19-28, 30, 32, 33, 35, 37, 38, 40, 42, 44-51, 60, 62, 64, 66, 67, 69, 71, 72, 74, 76, 78-87, 89, 91, 92, 94, 96, 97, 99, 101, and 103-110" of U.S. Patent No. 9,335,123 ("the '123 patent") (collectively, the "Asserted Patents"). Complaint [Dkt. 1] ("Compl.") at ¶¶ 17, 25, 33, 41, 49, 57.

Page 2 -   DEFENDANT LEUPOLD'S MOTION TO DISMISS COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900



(Compl., Ex. A ("the '595 Patent") at Figs. 9, 10). To support its claims as to five of the six Asserted Patents (and 182 of 187 asserted claims),[2] HVRT alleges only that Leupold makes and sells scopes "having substantially equivalent structure and function such as reticles containing an aiming point formed by vertical and horizontal cross-hairs." Compl., ¶¶ 25, 33, 41, 49, 57.

This describes many if not most sighting reticles used throughout the history of firearms, and falls far short of alleging what the law requires. Specifically, to plead a claim for patent infringement, a plaintiff must describe how *every element* of at least one claim in *each patent* is present in an accused product. Here, HVRT has alleged the presence of almost no element from any claim of any patent. The Complaint thus provides no basis from which to reasonably infer that Leupold has infringed even a single claim of any of the six Asserted Patents, and fails to meet the minimum pleading requirements for patent infringement under Federal Rule of Civil Procedure 8(a).

HVRT also has not adequately alleged willful infringement. The Complaint contains allegations only as to Leupold's purported knowledge of the Asserted Patents, and does not plead

---

[2] As to the sixth asserted patent (the '595 patent), HVRT similarly broadly alleges that Leupold's products "hav[e] substantially equivalent structure and function such as reticles containing a plurality of aiming points formed by vertical and horizontal cross-hairs and rangefinding markings." Compl., ¶ 17.

Page 3 -   DEFENDANT LEUPOLD'S MOTION TO DISMISS COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

any "egregious" conduct as required to state a claim for willful infringement. Thus, HVRT's claims for willful infringement also must be dismissed.

## I. THE COMPLAINT

Each of the Asserted Patents relates to gunsights or scopes with a specific form of "reticle," which *Oxford Dictionaries Online* defines as "a series of fine lines or fibers in the eyepiece of an optical device, such as a telescope or microscope, or on the screen of an oscilloscope, used as a measuring scale or an aid in locating objects."[3] Each patent recites many details of its claimed reticles, such as the spacing, size, and orientation of lines and intersections of lines. Each and every one of these "limitations" must be met in an accused product for that product to infringe the claim.[4] For example, claim 1 of the '595 patent recites:

1. An improved telescopic gunsight, comprising:
   (a) a housing, including a means for mounting said housing in a fixed, predetermined position relative to a gun barrel;
   (b) an objective lens mounted in said housing at one end thereof;
   (c) an ocular lens mounted in said housing at an opposite end thereof;
   (d) a reticle mounted in said housing between said objective lens and said ocular lens, said reticle having an optical center and a plurality of aiming points, said aiming points formed by a primary vertical cross-hair, a primary horizontal cross-hair intersecting said primary vertical cross-hair to form an upper right quadrant, an upper left quadrant, a plurality of secondary horizontal cross-hairs intersecting said primary vertical cross hair and evenly spaced a predetermined distance along said primary vertical cross-hair, a plurality of secondary vertical cross-hairs intersecting at least some of said secondary horizontal cross-hairs, each said intersecting cross-hair forming one of said plurality of aiming points, and rangefinding markings.

'595 Patent at claim 1.

Figure 9 of the '595 Patent, reproduced below, depicts an example of a reticle purportedly

---

[3] https://en.oxforddictionaries.com/definition/reticle, retrieved September 14, 2017.
[4] *Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1273 (Fed. Cir. 2004) ("To prove infringement, the patentee must show that the accused device meets each claim limitation, either literally or under the doctrine of equivalents.")

Page 4 -    DEFENDANT LEUPOLD'S MOTION TO DISMISS COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

covered by these claims, wherein, *e.g.*, "a plurality of secondary vertical cross-hairs intersect[] at least some of said secondary horizontal cross-hairs." '595 patent at 13:38-41.  Apart from their names and one boilerplate recitation, *infra*, the Complaint and the attached exhibits contain no illustration or description of the eight reticles and 110 scopes that Plaintiffs accuse of infringing six patents.



For each of the six Asserted Patents and 187 asserted patent claims, HVRT alleges only that Leupold directly infringes with "one or more scopes and/or reticles, including but not limited to those identified in this Complaint . . . ."  Complaint, ¶¶ 17, 25, 33, 41, 49, 57.  To support its claims against eight reticles and 110 scopes, Plaintiffs make one of two nearly-identical boilerplate allegations, in the form reproduced below:

> On information and belief, Defendant has been infringing, and are still infringing, at least claims [X] of the [Y] patent, in violation of 35 U.S.C. § 271, by, at least, their activities in connection with the target acquisition devices, scopes, and reticles made, used, sold, and/or produced by Leupold, having substantially equivalent structure and function such as reticles containing an aiming point formed by vertical and horizontal cross-hairs.

*Id.,* ¶¶ 25, 33, 41, 49, 57.

> On information and belief, Defendant has been infringing, and are still infringing, at least claims 1, 5, 9, 19, and 20 of the '595 patent, in violation of 35 U.S.C. § 271, by, at least, their activities in connection with the target acquisition devices, scopes, and reticles made, used, sold, and/or produced by Leupold, having substantially equivalent structure and function such as reticles containing a plurality of aiming points formed by vertical and horizontal cross-hairs and rangefinding markings.

*Id.,* ¶ 17.

Page 5 -    DEFENDANT LEUPOLD'S MOTION TO DISMISS COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

For each patent, HVRT then inserts a long list of Leupold products it accuses of infringing the patent, without any further allegations as to how the listed products allegedly infringe. *Id.*, ¶¶ 17, 25, 33, 41, 49, 57.

In support of its willfulness allegations, HVRT pleads only that it sent two letters, discussed five of the six patents with a Leupold employee, and the sixth with counsel for Leupold about two weeks before filing the Complaint. *Id.*, ¶¶ 12-14. HVRT makes no factual allegations that Leupold's conduct has been "egregious."

## II.    LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 570 (internal quote marks omitted).[5] A patent plaintiff must "plead[] factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged[,]" which requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. In articulating this standard, the Supreme Court has emphasized the heightened role of the district courts to act as a gatekeeper, charging them to dismiss inadequately pled complaints. *Id.* at 560; *see also Iqbal*, 556 U.S. at 678-79 ("Rule 8… does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.")

---

[5] Before December 1, 2015, patent infringement claims were deemed sufficient if they conformed to Fed. R. Civ. P. 84, appendix Form 18, which "provided a model complaint for asserting claims of direct patent infringement which required a less detailed pleading than that contemplated in *Twombly* and *Iqbal*." *Tannerite Sports, LLC v. Jerent Enters., LLC*, 2016 U.S. Dist. LEXIS 57942, *6 (D. Or. May 2, 2016). However, Rule 84 was removed from the Federal Rules—and Form 18 was accordingly abrogated—effective December 1, 2015. Oregon district courts have joined others in recognizing that "[w]ith the abrogation of Form 18, so too went the patent infringement exception to the civil pleading requirements set forth in *Twombly* and *Iqbal*… . [A] form that no longer exists can no longer control." *Id.* at *10. Thus, "*Twombly/Iqbal* dictates direct-infringement pleading standards as of December 1, 2015." *Id.* at *9, see also, e.g., e.Digital Corp. v. iBaby Labs, Inc.*, 2016 U.S. Dist. LEXIS 111689, *7-8 (N.D. Cal. Aug. 22, 2016).

Page 6 -    DEFENDANT LEUPOLD'S MOTION TO DISMISS COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

### A. Pleading Standard for Patent Infringement Allegations

To survive a motion to dismiss under Rule 12(b)(6), a patent plaintiff must allege facts sufficient to support an inference that the accused product infringes *each element* of at least one claim of each asserted patent. *See e.Digital Corp.*, 2016 U.S. Dist. LEXIS 111689 at *13 (dismissing complaint where plaintiff "attempted to map most of the elements in the exemplary claim onto its description of the accused products," but failed to map one element of the claim); *Novitaz, Inc. v. inMarket Media, LLC*, 2017 U.S. Dist. LEXIS 81491, *12–13 (N.D. Cal. May 26, 2017) (dismissing complaint where "a number of critical claim elements are not addressed by [plaintiff's] factual allegations" and other "allegations merely parrot claim language"); *TeleSign Corp. v. Twilio, Inc.*, 2016 U.S. Dist. LEXIS 123516, *8 (C.D. Cal. Aug. 3, 2016) (dismissing complaint that "explains the elements of [a] claim" and "ties each element to representative [Defendant] technology," because it failed to "plausibly allege that any one product produced by Defendant performs all elements" of a claim); *Atlas IP LLC v. Pac. Gas & Elec. Co.*, 2016 U.S. Dist. LEXIS 60211, *8 (N.D. Cal. Mar. 9, 2016) (dismissing complaint that "recites only some of the elements of the sole asserted claim, and provides only a threadbare description of the alleged abilities of the accused device"); *RainDance Techs., Inc. v. 10X Genomics, Inc.*, 2016 U.S. Dist. LEXIS 33875, at *4–6 (D. Del. March 4, 2016) (dismissing 35-page complaint asserting 7 patents that made extensive general allegations of the way defendants' products worked, but did not "relate any of their factual assertions with any of the asserted claims").

The requirement to plead infringement of *each element* of at least one claim applies whether infringement is being pled literally or under the doctrine of equivalents. *Scripps Research Inst. v. Illumina, Inc.*, 2016 U.S. Dist. LEXIS 161279, *13 (S.D. Cal. Nov. 21, 2016) (just as a claim for literal infringement requires pleading that all elements of a claim are met, "[l]ikewise, a claim for direct infringement under the doctrine of equivalents must be applied to individual elements of the claim, not to the invention as a whole.").

Page 7 -   DEFENDANT LEUPOLD'S MOTION TO DISMISS COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

### B. Pleading Standard for Allegations of "Willful" Infringement

A finding that patent infringement was "willful" may result in an award of damages up to three times the amount found or assessed. 35 U.S.C. § 284. Such enhanced damages are "generally reserved for 'egregious cases of misconduct beyond typical infringement,' such as those 'typified by willful misconduct.'" *Finjan, Inc. v. Cisco Sys.*, 2017 U.S. Dist. LEXIS 87657, *9 (N.D. Cal. June 7, 2017).

To survive a motion to dismiss, a plaintiff must make factual allegation not only that the defendant was aware of the asserted patents, but also facts showing that defendant engaged in conduct that was "egregious." In other words, "allegations of knowledge alone are insufficient." *Cont'l Circuits LLC v. Intel Corp.*, 2017 U.S. Dist. LEXIS 94837, *24 (D. Ariz. June 16, 2017) (dismissing willful infringement claims with prejudice after repeated failure to plead facts showing "egregious" conduct) (collecting authority); *see also Finjan, Inc. v. Cisco Sys.*, 2017 U.S. Dist. LEXIS 87657, *14 (N.D. Cal. June 7, 2017) (even given knowledge of patents, dismissal warranted where the complaint "does not contain sufficient factual allegations to make it plausible that [defendant] engaged in 'egregious' conduct…"); *CG Tech. Dev., LLC v. Big Fish Games, Inc.*, 2016 U.S. Dist. LEXIS 115594, *44 (D. Nev. Aug. 29, 2016) ("[A]lleging that Defendant only knew about the patent is insufficient[,]" and dismissing complaint where despite boilerplate recitations of "willful and blatant infringement [and] reckless disregard… they allege no facts to support their legal theory.")

Such "egregious" conduct may include conduct that is "willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1935 (2016). However, simply adding the words "egregious, willful, wanton, malicious, in bad faith, deliberate, consciously wrongful, and/or flagrant… is merely a conclusion, which is not sufficient." *Cont'l Circuits*, 2017 U.S. Dist. LEXIS 94837 at *25-26, citing *Iqbal*, 556 U.S. at 678-79. Instead, a plaintiff must plead "specific factual allegations about [defendant]'s subjective intent, or… other aspects of

Page 8 -   DEFENDANT LEUPOLD'S MOTION TO DISMISS COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

[defendant]'s behavior that would suggest its behavior was 'egregious.'" *Finjan*, 2017 U.S. Dist. LEXIS 87657 at *15.

### III. ARGUMENT

#### A. HVRT's Boilerplate Allegations of Patent Infringement Fail to Satisfy the Pleading Standard of *Twombly* and *Iqbal*

The Court should dismiss HVRT's infringement claims because they allege nothing more than that Leupold's products have vertical and horizontal cross-hairs that form aiming points, and have range-finding markings. *See* Compl. ¶¶ 17, 25, 33, 41, 49, 57. If this were sufficient to plead infringement, HVRT could haul nearly every scope- and reticle-manufacturer in the country into court and force them into discovery.

To show just a sample of what is missing from Plaintiffs' boilerplate infringement allegations, below is a table reproducing the first claim of only two asserted patents, each of which contains multiple limitations, almost none of which are alleged to be present in any accused Leupold product. *Compare* Complaint, at ¶¶ 17, 41 (alleging that Leupold's products have "reticles containing a[n] [plurality of] aiming point[s] formed by vertical and horizontal cross-hairs [and rangefinding markings]") *with*:

| **Asserted Patent** | **Claim 1** |
|---|---|
| U.S. 6,453,595 | 1. An improved telescopic gunsight, comprising:<br>(a) a housing, including a means for mounting said housing in a fixed, predetermined position relative to a gun barrel;<br>(b) an objective lens mounted in said housing at one end thereof;<br>(c) an ocular lens mounted in said housing at an opposite end thereof;<br>(d) a reticle mounted in said housing between said objective lens and said ocular lens, said reticle having an optical center and a plurality of aiming points, said aiming points formed by a primary vertical cross-hair, a primary horizontal cross-hair intersecting said primary vertical cross-hair to form an upper right quadrant, an upper left quadrant, a lower left quadrant, and a lower right quadrant, a plurality of secondary horizontal cross-hairs intersecting said primary vertical cross hair and evenly spaced a predetermined distance along said primary vertical cross-hair, a plurality of secondary vertical cross-hairs intersecting at least some of said secondary horizontal cross- |

Page 9 -   DEFENDANT LEUPOLD'S MOTION TO DISMISS COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

| Asserted Patent | Claim 1 |
|---|---|
|  | hairs and evenly spaced a predetermined distance along at least some of said secondary horizontal cross-hairs, each said intersecting cross-hair forming one of said plurality of aiming points, and rangefinding markings. |
| U.S. 8,707,608 | 1. A reticle, comprising:<br><br>   a) a simultaneously visible primary horizontal cross-hair;<br><br>   b) a simultaneously visible primary vertical cross-hair;<br><br>   c) a plurality of simultaneously visible secondary horizontal cross-hairs intersecting at predetermined distances said simultaneously visible primary vertical cross-hair wherein said primary vertical cross hair and said secondary horizontal cross-hairs are selected from the group consisting of etched cross-hairs, engraved cross-hairs, and printed cross-hairs; and<br><br>   d) a plurality of simultaneously visible secondary vertical cross-hairs intersecting at predetermined distances at least some of said secondary horizontal cross-hairs wherein each said secondary vertical cross-hair intersects one and only one said secondary horizontal cross-hair and wherein said secondary vertical cross-hairs are selected from the group consisting of etched cross-hairs, engraved cross-hairs, and printed cross-hairs, wherein an intersection of at least one of said plurality of said simultaneously visible secondary vertical cross-hairs and at least one of said plurality of simultaneously visible secondary horizontal cross-hairs provides an aiming point. |

Compl., Exs. A, D.

Plaintiffs do not allege that Leupold's reticles have "a plurality of secondary vertical cross-hairs intersecting at least some of said secondary horizontal cross-hairs," whether "each said intersecting cross-hair form[s] one of said plurality of aiming points," whether they are "selected from the group consisting of etched cross-hairs, engraved cross-hairs, and printed cross-hairs," whether the numerous cross-hairs are "simultaneously visible," or anything else about them beyond that they are reticles with aiming points formed by cross-hairs.

This simply does not satisfy the applicable pleading requirements. Because even *one* missing element is enough to avoid infringement, patent plaintiffs are required to plead facts

Page 10 -   DEFENDANT LEUPOLD'S MOTION TO DISMISS COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

sufficient to support a reasonable inference that *each and every* element of at least one claim in each asserted patent is present in each of the accused products. *Atlas IP, LLC v. Exelon Corp.*, 189 F. Supp. 3d 768, 775 (N.D. Ill. 2016) ("[F]actual allegations that do not permit a court to infer that the accused product infringes each element of at least one claim are not suggestive of infringement – they are merely compatible with infringement."); *see also supra* at 7. There is no reasonable basis to infer infringement of the two claims reproduced above, or any other claim in the six Asserted Patents, based on a single generic allegation failing to address <u>numerous</u> elements of those claims.

Nor can HVRT short-cut the pleading standard by invoking the doctrine of equivalents, as it may have attempted with its vague reference to "substantially equivalent structure and function." Compl. ¶¶ 17, 25, 33, 41, 49, 57. Under that doctrine, the infringement test is, "Does the accused product or process contain elements identical or equivalent to *each claimed element* of the patented invention?" *Warner-Jenkinson*, 520 U.S. at 40 (1997) (emphasis added). Thus, as with literal infringement, "a claim for direct infringement under the doctrine of equivalents must be applied to individual elements of the claim, not to the invention as a whole." *Scripps Research Inst.*, 2016 U.S. Dist. LEXIS 161279 at *13 (dismissing infringement complaint under Fed. R. Civ. P. 12(b)(6)).

**B.     HVRT Also Has Failed to Allege A Plausible Claim for Willful Infringement.**

In support of its claim of "willful" infringement, the only facts alleged by HVRT are that it notified Leupold of the Asserted Patents and that Leupold allegedly is infringing the patents.[6] *Compl.* ¶¶ 12-14. However, "allegations of knowledge alone are insufficient." *Cont'l Circuits LLC v. Intel Corp.*, 2017 U.S. Dist. LEXIS 94837 at *24 (dismissing willful infringement claims

---

[6] HVRT repeats a boilerplate allegation that "Defendant's patent infringement has been willful and deliberate, with full knowledge of the [X] patent and Plaintiffs' rights therein." Compl., ¶¶ 20, 28, 36, 44, 52, 60. However, that "is merely a conclusion, which is not sufficient" to survive a motion to dismiss. *Cont'l Circuits*, 2017 U.S. Dist. LEXIS 94837 at *25-26, citing *Iqbal*, 556 U.S. at 678-79.

Page 11 -   DEFENDANT LEUPOLD'S MOTION TO DISMISS COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

under Rule 12(b)(6)). Because HVRT has alleged no "specific factual allegations… that would suggest [Leupold's] behavior was 'egregious,'" its claim for willful infringement also must be dismissed. *Finjan*, 2017 U.S. Dist. LEXIS 87657 at *15 (dismissing willful infringement claim).

## CONCLUSION

HVRT has not pled sufficient facts to allow a reasonable inference of infringement, either literally or under the doctrine of equivalents. Nor has HVRT adequately pled a claim for willful infringement. District courts routinely dismiss complaints where even one limitation is inadequately pled. *See e.Digital*, *supra*. Here, HVRT has alleged the presence of almost <u>none</u> of the numerous limitations of the asserted patent claims, and have alleged no facts sufficient to support a claim for willful infringement. For the foregoing reasons, the Court should dismiss the Complaint in its entirety.

Dated this 25th day of September, 2017.

Respectfully submitted,

SCHWABE, WILLIAMSON & WYATT, P.C.

By: *s/ Scott D. Eads*
Scott D. Eads, OSB #910400
Jason A. Wrubleski #120524
Telephone: 503.222.9981
Facsimile: 503.796.2900

Of Attorneys for Defendant Leupold
& Stevens, Inc.
Page 12 -   DEFENDANT LEUPOLD'S MOTION TO DISMISS COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900