Scott E. Davis, OSB No. 022883
Email: scott.davis@klarquist.com
Todd M. Siegel, OSB No. 001049
Email: todd.siegel@klarquist.com
KLARQUIST SPARKMAN, LLP
121 S.W. Salmon St., Ste. 1600
Portland, Oregon 97204
Telephone: (503) 595-5300
Facsimile: (503) 595-5301

David A. Casimir, *pro hac vice*
Email: dacasimir@casimirjones.com
David W. Staple, *pro hac vice*
Email: dwstaple@casimirjones.com
CASIMIR JONES S.C.
2275 Deming Way, Suite 310
Middleton, WI 53562
Telephone: (608) 662-1277
Fax: (608) 662-1276

Attorneys for Plaintiffs
LIGHTFORCE USA, INC. and
HVRT Corp.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| LIGHTFORCE USA, INC. d/b/a NIGHTFORCE OPTICS and NIGHTFORCE USA; and HVRT CORP., <br><br> Plaintiffs, <br><br> v. <br><br> LEUPOLD & STEVENS, INC., <br><br> Defendant. | Civil Case No.: 3:17-cv-1153-AC <br><br> **FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT** <br><br> **DEMAND FOR JURY TRIAL** |

FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT                    Page 1

COMES NOW Plaintiffs Lightforce USA, Inc., d/b/a Nightforce Optics and Nightforce USA ("Nightforce"), and HVRT Corp. ("HVRT"), collectively "Plaintiffs", by their undersigned attorneys, and for their Amended Complaint against Leupold & Stevens, Inc. ("Leupold" or "Defendant"), states and alleges as follows:

## NATURE OF THE ACTION

1.      This is a civil action for patent infringement, injunctive relief, and damages arising out of the infringement of United States Patent Number 6,453,595 ("the '591 patent"), United States Patent Number 8,109,029 ("the '029 patent"), United States Patent Number 8,656,630 ("the '630 patent"), United States Patent Number 8,707,608 ("the '608 patent"), United States Patent Number 8,966,806 ("the '806 patent"), United States Patent Number 9,335,123 ("the '123 patent"), collectively "the patents-in-suit".  The patents-in-suit relate to target acquisition devices such as telescopic gunsights and components thereof, particularly reticles, for increasing shooting accuracy and distance.  This action arises under the patent laws of the United States and is based on an actual controversy between the parties with respect to the infringement of the patents-in-suit.  True and accurate copies of the patents-in-suit are attached hereto as EXHIBITS A-F.

## PARTIES

2.      Plaintiff Nightforce is a Washington corporation with its principal place of business in Orofino, Idaho.

3.      Plaintiff HVRT is a Washington corporation with its principal place of business in Lewiston, Idaho.

4.      Upon information and belief, Defendant Leupold & Stevens, Inc. is an Oregon corporation with its principal place of business in Beaverton, Oregon.

FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT                     Page 2

## JURISDICTION AND VENUE

5.      This is a civil action for patent infringement, injunctive relief, and damages arising under the United States Patent Act, 35 U.S.C. §§ 1 *et seq.*  Jurisdiction and venue are conferred upon this Court pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1400(b).

6.      This Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7.      This Court has personal jurisdiction over Defendant because, upon information and belief, Defendant conducts business throughout the United States and in this District, has its principal place of business within this District, has engaged and continues to engage in infringing activities in this District, and has placed and continues to place infringing products into the stream of commerce, with knowledge or understanding that such products are sold in the State of Oregon, including in this District.  Upon information and belief, Defendant purposefully avails itself of the privilege of conducting activities in Oregon, thus invoking the benefits and protections of the laws of Oregon.  Defendant's acts have caused and continue to cause injury to Plaintiffs within this District.

8.      Venue in this Court is proper under 28 U.S.C. § 1400(b) because Defendant resides in this District is incorporated in Oregon, engages in infringing activities in this District, is subject to personal jurisdiction in this District, has its principal place of business within this District, and has had and continues to have substantial contacts with this forum.

## FACTS

9.      HVRT is a company engaged in the business of licensing products in the fields of target acquisition devices, firearm scopes, and reticles, and is the owner by valid assignment of

the patents-in-suit.  HVRT is the assignee of the patents-in-suit, having acquired the patents from the original assignee, Horus Vision, LLC.  HVRT may enforce the patents-in-suit.

10.     Nightforce is a company engaged in the business of selling products in the fields of target acquisition devices, firearm scopes, and reticles, and is a licensee of the patents-in-suit, within the relevant fields, with the right to enforce the patents-in-suit.

11.     On information and belief, Defendant has and continues to develop, manufacture, import, use, offer to sell and/or sell, scopes and/or target acquisition devices listed in EXHIBITS G-N that contain reticles, including, but not limited to reticles marketed as ILLUM. IMPACT-23 MOA, IMPACT-29 MOA, ILLUM. IMPACT-29 MOA, IMPACT-32 MOA, ILLUM IMPACT-45 MOA, CMR-W GRID, TS-29 X1, and TS-32 X1 reticles.

12.     Reticles having primary horizontal and vertical crosshairs, along with evenly-spaced secondary horizontal crosshairs having aiming points thereon, were originally developed by Horus Vision, LLC.  This development is protected by the patents-in-suit. In infringing the patents-in-suit, Defendant has directly pirated Plaintiffs' reticle designs.  For example, Defendant's CMR-W GRID reticle directly copies a majority of the design features of Plaintiffs' Tremor3 reticles (See EXHIBIT U).  The Tremor3 reticle is highly popular for both civilian and military applications.  Each of the accused products pirates the fundamental reticle design invented and patented by Horus Vision, LLC, as each one contains primary horizontal and vertical crosshairs, along with evenly-spaced secondary horizontal crosshairs having aiming points thereon.  On information and belief, Defendant has known that the pirated features are patented, but nevertheless knowingly and intentionally continues to misappropriate designs, including the Tremor3 design. The direct pirating of this reticle by Defendants is egregious and demonstrates willful infringement.

13.     Defendant has licenses for the patents-in-suit, allowing Defendant to make, have made, use and integrate a specified group of reticles into rifle scopes, spotting scopes, and other optical devices.  The licenses (originally between Horus Vison, LLC and Defendant, but acquired by HVRT) do not grant Defendant the right to manufacture, use, offer to sell, sell, and/or integrate into products, reticles not specifically listed in the licenses, such as the reticles listed herein (ILLUM. IMPACT-23 MOA, IMPACT-29 MOA, ILLUM. IMPACT-29 MOA, IMPACT-32 MOA, ILLUM IMPACT-45 MOA, CMR-W GRID, TS-29 X1, and TS-32 X1 reticles).

14.     Defendant has sold some authorized products, including products containing the Tremor3 reticle, under a license agreement with Plaintiffs, and has made royalty payments to HVRT for such sales.  Defendant, without HVRT's permission or authorization, and in defiance of the scope of rights granted under the license, has willfully and egregiously generated competitive products that copy critical features of the licensed designs and of the patents-in-suit.  No payments have been made to HVRT for these unauthorized designs, nor was Defendant authorized to make, sell, use, or import such designs under the license.

15.     Plaintiffs have provided Defendant with the opportunity to bring the reticles listed herein, and products containing such reticles, into licensing compliance.  However, Defendants have either not responded or declined to take such steps.

16.     Defendant has had actual knowledge of the infringement of claim(s) of the patents-in-suit, excluding the '123 patent, since no later than December 15, 2015.  On that date, Mikael Crowther of Leupold and David Casimir, representative for the Plaintiffs, discussed on the telephone, among other issues, the patents-in-suit and Leupold's infringement thereof.  The

telephone call of December 15, 2015 was in response to a letter sent by Horus Vision LLC on July 29, 2015 to Leupold, listing the '591, '029, '630, '608, and '806 patents.

17.    Defendant has had actual knowledge of the acquisition of the patents-in-suit by HVRT.  On August 1, 2016, a letter indicating that HVRT had acquired Horus Vision's intellectual property was sent to Mikael Crowther of Leupold.  That letter also reiterated Plaintiffs' desire to resolve the issue of Leupold's infringement.

18.    Defendant has had actual knowledge of the '123 patent since no later than June 13, 2017.  On that date, David Casimir, representative for the Plaintiffs, communicated via telephone the complete list of the patents-in-suit to Leupold's counsel and that Defendant was infringing.

19.    Leupold has refused to acknowledge the patents-in-suit, cease its infringing activities, or compensate Plaintiffs for damages caused by its infringement.

## COUNT I

## PATENT INFRINGEMENT

## UNITED STATES PATENT NO. 6,453,595

20.    Plaintiffs incorporate by reference the allegations of paragraphs 1 through 19 above, as if fully set forth herein.

21.    On information and belief, Defendant has been infringing, and is still infringing, at least claims 1 and 5 of the '595 patent, in violation of 35 U.S.C. § 271, by, at least, its activities in making, use, sales, offering for sale and/or production of the ILLUM. IMPACT-23 MOA, IMPACT-29 MOA, ILLUM. IMPACT-29 MOA, IMPACT-32 MOA, ILLUM IMPACT-45 MOA, CMR-W GRID, TS-29 X1, and TS-32 X1 reticles, and scopes and/or target acquisition devices equipped with the above reticles, such as the products listed in EXHIBITS G-N.  The above reticles and the scopes and/or target acquisition devices listed in EXHIBITS G-N satisfy

all elements of claims of the '595 patent, as set forth and evidenced by the element-by-element analysis of EXHIBIT O (all of the above reticles, excluding CMR-W GRID, are exemplified in EXHIBIT O by the ILLUM IMPACT-45 MOA, as these reticles exhibit common features with respect to the claim elements). Defendant has infringed and continues to directly infringe at least the aforementioned claims of the patents-in-suit by importing, making, using, selling, and/or offering to sell in the United States one or more scopes and/or reticles, including but not limited to those identified in this Complaint, in violation of 35 U.S.C. § 271.

22.    Defendant has been directly infringing the '595 patent in the United States, including in this Judicial District.

23.    Defendant's patent infringement has allowed Defendant to unfairly reap a commercial and competitive advantage and savings in, *inter alia*, research, development, and operational time and cost.

24.    Defendant's patent infringement has been, and continues to be, willful and deliberate, with full knowledge of the '595 patent, Plaintiffs' rights therein and, on information and belief, Defendant's infringement of the '595 patent.  Despite having licenses to the patent-in-suit for other reticles and products (see paragraph 13, above), and Plaintiffs' attempts to work with Defendant on this issue, Defendant has willfully and egregiously declined to bring the reticles listed herein and products containing such reticles under license and to pay a fair royalty (see paragraphs 14-15, above).  Defendant's unwillingness to discuss its infringement of Plaintiffs' patents and/or Plaintiffs' offers to negotiate a license for the infringing reticles and products, despite Plaintiffs' clear willingness to provide reasonable licensing terms for the patents-in-suit and offer to bring infringing products under license, have forced Plaintiffs into taking legal action, at great expense, demonstrating the egregiousness of Defendant's actions.

Defendant has additionally acted particularly egregiously in directly pirating a highly successful reticle design of the Plaintiffs while refusing to enter into a license for that reticle (see paragraph 12, above).

25.    Defendant's infringement of the '595 patent has caused, and unless restrained and enjoined, will continue to cause irreparable harm to Plaintiffs that cannot be adequately quantified or compensated by monetary damages alone and for which there is no adequate remedy at law. In view of the particular products now at issue and the competitive positions between the parties, a license or reasonable royalty would not suffice and an injunction is necessary. For example, Defendant is directly competing with pirated technology in certain market segments that will result in permanent or lasting harm absent an injunction. An injunction also is necessary to address the unlawful, bad faith head start Defendant took by offering pirated and/or infringing products in certain market segments before the expiration of the patents at issue.  Plaintiffs are entitled to preliminary and permanent injunctive relief preventing Defendant from continuing to engage in patent infringement.

26.    As a direct and proximate result of Defendant's patent infringement, Plaintiffs are entitled to recover actual damages in an amount to be proven at trial, but in no event less than a reasonable royalty.

27.    Defendant's conduct as alleged above and in the facts section herein makes this an exceptional case under 35 U.S.C. § 285, entitling Plaintiffs to the attorneys' fees and costs incurred in this action.

## COUNT II

## PATENT INFRINGEMENT

## UNITED STATES PATENT NO. 8,109,029

28.    Plaintiffs incorporate by reference the allegations of paragraphs 1 through 19 above, as if fully set forth herein.

29.    On information and belief, Defendant has been infringing, and is still infringing, at least claims 1-3,  7, 8, 10, 11, 14, 21-23, 24-27, 29, and 31 of the '029 patent, in violation of 35 U.S.C. § 271, by, at least, its activities in making, use, sales, offering for sale and/or production of the ILLUM. IMPACT-23 MOA, IMPACT-29 MOA, ILLUM. IMPACT-29 MOA, IMPACT-32 MOA, ILLUM IMPACT-45 MOA, CMR-W GRID, TS-29 X1, and TS-32 X1 reticles, and scopes and/or target acquisition devices equipped with the above reticles, such as the products listed in EXHIBITS G-N.  The above reticles and the scopes and/or target acquisition devices listed in EXHIBITS G-N satisfy all elements of claims of the '029 patent, as set forth and evidenced by the element-by-element analysis of EXHIBIT P (all of the above reticles, excluding CMR-W GRID, are exemplified in EXHIBIT P by the ILLUM IMPACT-29 MOA, as these reticles exhibit common features with respect to the claim elements). Defendant has infringed and continues to directly infringe at least the aforementioned claims of the patents-in-suit by importing, making, using, selling, and/or offering to sell in the United States one or more scopes and/or reticles, including but not limited to those identified in this Complaint, in violation of 35 U.S.C. § 271.

30.    Defendant has been directly infringing the '029 patent in the United States, including in this Judicial District.

31.    Defendant's patent infringement has allowed Defendant to unfairly reap a substantial commercial and competitive advantage and savings in, *inter alia*, research, development, and operational time and cost.

32.    Defendant's patent infringement has been, and continues to be, willful and deliberate, with full knowledge of the '029 patent and Plaintiffs' rights therein and, on information and belief, Defendant's infringement of the '029 patent.  Despite having licenses to the patent-in-suit for other reticles and products (see paragraph 13, above), and Plaintiffs' attempts to work with Defendant on this issue, Defendant has willfully and egregiously declined to bring the reticles listed herein and products containing such reticles under license and to pay a fair royalty (see paragraphs 14-15, above).  Defendant's unwillingness to discuss its infringement of Plaintiffs' patents and/or Plaintiffs' offers to negotiate a license for the infringing reticles and products, despite Plaintiffs' clear willingness to provide reasonable licensing terms for the patents-in-suit and offer to bring infringing products under license, have forced Plaintiffs into taking legal action, at great expense, demonstrating the egregiousness of Defendant's actions. Defendant has additionally acted particularly egregiously in directly pirating a highly successful reticle design of the Plaintiffs while refusing to enter into a license for that reticle (see paragraph 12, above).

33.    Defendant's infringement of the '029 patent has caused, and unless restrained and enjoined, will continue to cause irreparable harm to Plaintiffs that cannot be adequately quantified or compensated by monetary damages alone and for which there is no adequate remedy at law. In view of the particular products now at issue and the competitive positions between the parties, a license or reasonable royalty would not suffice and an injunction is necessary. For example, Defendant is directly competing with pirated technology in certain

market segments that will result in permanent or lasting harm absent an injunction. An injunction also is necessary to address the unlawful, bad faith head start Defendant took by offering pirated and/or infringing products in certain market segments before the expiration of the patents at issue.  Plaintiffs are entitled to preliminary and permanent injunctive relief preventing Defendant from continuing to engage in patent infringement.

34.    As a direct and proximate result of Defendant's patent infringement, Plaintiffs are entitled to recover actual damages in an amount to be proven at trial, but in no event less than a reasonable royalty.

35.    Defendant's conduct as alleged above and in the facts section makes this an exceptional case under 35 U.S.C. § 285, entitling Plaintiffs to the attorneys' fees and costs incurred in this action.

**COUNT III**

**PATENT INFRINGEMENT**

**UNITED STATES PATENT NO. 8,656,630**

36.    Plaintiffs incorporate by reference the allegations of paragraphs 1 through 19 above, as if fully set forth herein.

37.    On information and belief, Defendant has been infringing, and is still infringing, at least claims 1-3, 7, 8, 10, 11, 14, 21-27, 29, and 31 of the '630 patent, in violation of 35 U.S.C. § 271, by, at least, its activities in making, use, offering for sale, sales, and/or production of the ILLUM. IMPACT-23 MOA, IMPACT-29 MOA, ILLUM. IMPACT-29 MOA, IMPACT-32 MOA, ILLUM IMPACT-45 MOA, CMR-W GRID, TS-29 X1, and TS-32 X1 reticles, and scopes and/or target acquisition devices equipped with the above reticles, such as the products listed in EXHIBITS G-N.  The above reticles and the scopes and/or target acquisition devices listed in EXHIBITS G-N satisfy all elements of claims of the '630 patent, as set forth and

evidenced by the element-by-element analysis of EXHIBIT Q (all of the above reticles, excluding CMR-W GRID, are exemplified in EXHIBIT Q by the ILLUM IMPACT-29 MOA, as these reticles exhibit common features with respect to the claim elements). Defendant has infringed and continues to directly infringe at least the aforementioned claims of the patents-in-suit by importing, making, using, selling, and/or offering to sell in the United States one or more scopes and/or reticles, including but not limited to those identified in this Complaint, in violation of 35 U.S.C. § 271.

38.     Defendant has been directly infringing the '630 patent in the United States, including in this Judicial District.

39.     Defendant's patent infringement has allowed Defendant to unfairly reap a substantial commercial and competitive advantage and savings in, *inter alia*, research, development, and operational time and cost.

40.     Defendant's patent infringement has been, and continues to be, willful and deliberate, with full knowledge of the '630 patent, Plaintiffs' rights therein and, on information and belief, Defendant's infringement of the '630 patent. Despite having licenses to the patent-in-suit for other reticles and products (see paragraph 13, above), and Plaintiffs' attempts to work with Defendant on this issue, Defendant has willfully and egregiously declined to bring the reticles listed herein and products containing such reticles under license and to pay a fair royalty (see paragraphs 14-15, above). Defendant's unwillingness to discuss its infringement of Plaintiffs' patents and/or Plaintiffs' offers to negotiate a license for the infringing reticles and products, despite Plaintiffs' clear willingness to provide reasonable licensing terms for the patents-in-suit and offer to bring infringing products under license, have forced Plaintiffs into taking legal action, at great expense, demonstrating the egregiousness of Defendant's actions.

Defendant has additionally acted particularly egregiously in directly pirating a highly successful reticle design of the Plaintiffs while refusing to enter into a license for that reticle (see paragraph 12, above).

41.     Defendant's infringement of the '630 patent has caused, and unless restrained and enjoined, will continue to cause irreparable harm to Plaintiffs that cannot be adequately quantified or compensated by monetary damages alone and for which there is no adequate remedy at law. In view of the particular products now at issue and the competitive positions between the parties, a license or reasonable royalty would not suffice and an injunction is necessary. For example, Defendant is directly competing with pirated technology in certain market segments that will result in permanent or lasting harm absent an injunction. An injunction also is necessary to address the unlawful, bad faith head start Defendant took by offering pirated and/or infringing products in certain market segments before the expiration of the patents at issue.  Plaintiffs are entitled to preliminary and permanent injunctive relief preventing Defendant from continuing to engage in patent infringement.

42.     As a direct and proximate result of Defendant's patent infringement, Plaintiffs are entitled to recover actual damages in an amount to be proven at trial, but in no event less than a reasonable royalty.

43.     Defendant's conduct as alleged above and in the facts section herein makes this an exceptional case under 35 U.S.C. § 285, entitling Plaintiffs to the attorneys' fees and costs incurred in this action.

## COUNT IV

## PATENT INFRINGEMENT

## UNITED STATES PATENT NO. 8,707,608

44.     Plaintiffs incorporate by reference the allegations of paragraphs 1 through 19 above, as if fully set forth herein.

45.     On information and belief, Defendant has been infringing, and is still infringing, at least claims 1-3, 7, 8, 10, 11, 14, 21-27, 29, and 31 of the '608 patent, in violation of 35 U.S.C. § 271, by, at least, its activities in making, use, offering for sale, sales, and/or production of the ILLUM. IMPACT-23 MOA, IMPACT-29 MOA, ILLUM. IMPACT-29 MOA, IMPACT-32 MOA, ILLUM IMPACT-45 MOA, CMR-W GRID, TS-29 X1, and TS-32 X1 reticles, and scopes and/or target acquisition devices equipped with the above reticles, such as the products listed in EXHIBITS G-N. The above reticles and the scopes and/or target acquisition devices listed in EXHIBITS G-N satisfy all elements of claims of the '608 patent, as set forth and evidenced by the element-by-element analysis of EXHIBIT R (all of the above reticles, excluding CMR-W GRID, are exemplified in EXHIBIT R by the ILLUM IMPACT-29 MOA, as these reticles exhibit common features with respect to the claim elements). Defendant has infringed and continues to directly infringe at least the aforementioned claims of the patents-in-suit by importing, making, using, selling, and/or offering to sell in the United States one or more scopes and/or reticles, including but not limited to those identified in this Complaint, in violation of 35 U.S.C. § 271.

46.     Defendant has been directly infringing the '608 patent in the United States, including in this Judicial District.

FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT                    Page 14

47.    Defendant's patent infringement has allowed Defendant to unfairly reap a substantial commercial and competitive advantage and savings in, *inter alia*, research, development, and operational time and cost.

48.    Defendant's patent infringement has been, and continues to be, willful and deliberate, with full knowledge of the '608 patent, Plaintiffs' rights therein and, on information and belief, Defendant's infringement of the '608 patent.  Despite having licenses to the patent-in-suit for other reticles and products (see paragraph 13, above), and Plaintiffs' attempts to work with Defendant on this issue, Defendant has willfully and egregiously declined to bring the reticles listed herein and products containing such reticles under license and to pay a fair royalty (see paragraphs 14-15, above).   Defendant's unwillingness to discuss its infringement of Plaintiffs' patents and/or Plaintiffs' offers to negotiate a license for the infringing reticles and products, despite Plaintiffs' clear willingness to provide reasonable licensing terms for the patents-in-suit and offer to bring infringing products under license, have forced Plaintiffs into taking legal action, at great expense, demonstrating the egregiousness of Defendant's actions. Defendant has additionally acted particularly egregiously in directly pirating a highly successful reticle design of the Plaintiffs while refusing to enter into a license for that reticle (see paragraph 12, above).

49.    Defendant's infringement of the '608 patent has caused, and unless restrained and enjoined, will continue to cause irreparable harm to Plaintiffs that cannot be adequately quantified or compensated by monetary damages alone and for which there is no adequate remedy at law. In view of the particular products now at issue and the competitive positions between the parties, a license or reasonable royalty would not suffice and an injunction is necessary. For example, Defendant is directly competing with pirated technology in certain

market segments that will result in permanent or lasting harm absent an injunction. An injunction also is necessary to address the unlawful, bad faith head start Defendant took by offering pirated and/or infringing products in certain market segments before the expiration of the patents at issue. Plaintiffs are entitled to preliminary and permanent injunctive relief preventing Defendant from continuing to engage in patent infringement.

50.     As a direct and proximate result of Defendant's patent infringement, Plaintiffs are entitled to recover actual damages in an amount to be proven at trial, but in no event less than a reasonable royalty.

51.     Defendant's conduct as alleged above and in the facts section makes this an exceptional case under 35 U.S.C. § 285, entitling Plaintiffs to the attorneys' fees and costs incurred in this action.

### COUNT V

### PATENT INFRINGEMENT

### UNITED STATES PATENT NO. 8,966,806

52.     Plaintiffs incorporate by reference the allegations of paragraphs 1 through 19 above, as if fully set forth herein.

53.     On information and belief, Defendant has been infringing, and is still infringing, at least claims 1-3, 7, 8, 10, 11, 14, 17-27, 29, and 31 of the '806 patent, in violation of 35 U.S.C. § 271, by, at least, its activities in making, use, offering for sale, sales, and/or production of the CMR-W GRID reticle, and scopes and/or target acquisition devices equipped with the CMR-W GRID reticle, such as the products listed in EXHIBIT L. The CMR-W GRID reticle and the scopes and/or target acquisition devices listed in EXHIBIT L satisfy all elements of claims of the '806 patent, as set forth and evidenced by the element-by-element analysis of EXHIBIT S. Defendant has infringed and continues to directly infringe at least the aforementioned claims of

the patents-in-suit by importing, making, using, selling, and/or offering to sell in the United States one or more scopes and/or reticles, including but not limited to those identified in this Complaint, in violation of 35 U.S.C. § 271.

54.    Defendant has been directly infringing the '806 patent in the United States, including in this Judicial District.

55.    Defendant's patent infringement has allowed Defendant to unfairly reap a substantial commercial and competitive advantage and savings in, *inter alia*, research, development, and operational time and cost.

56.    Defendant's patent infringement has been, and continues to be, willful and deliberate, with full knowledge of the '806 patent, Plaintiffs' rights therein and, on information and belief, Defendant's infringement of the '806 patent. Despite having licenses to the patent-in-suit for other reticles and products (see paragraph 13, above), and Plaintiffs' attempts to work with Defendant on this issue, Defendant has willfully and egregiously declined to bring the reticles listed herein and products containing such reticles under license and to pay a fair royalty (see paragraphs 14-15, above). Defendant's unwillingness to discuss its infringement of Plaintiffs' patents and/or Plaintiffs' offers to negotiate a license for the infringing reticles and products, despite Plaintiffs' clear willingness to provide reasonable licensing terms for the patents-in-suit and offer to bring infringing products under license, have forced Plaintiffs into taking legal action, at great expense, demonstrating the egregiousness of Defendant's actions. Defendant has additionally acted particularly egregiously in directly pirating a highly successful reticle design of the Plaintiffs' while refusing to enter into a license for that reticle (see paragraph 12, above).

57.    Defendant's infringement of the '806 patent has caused, and unless restrained and enjoined, will continue to cause irreparable harm to Plaintiffs that cannot be adequately quantified or compensated by monetary damages alone and for which there is no adequate remedy at law. In view of the particular products now at issue and the competitive positions between the parties, a license or reasonable royalty would not suffice and an injunction is necessary. For example, Defendant is directly competing with pirated technology in certain market segments that will result in permanent or lasting harm absent an injunction. An injunction also is necessary to address the unlawful, bad faith head start Defendant took by offering pirated and/or infringing products in certain market segments before the expiration of the patents at issue.  Plaintiffs are entitled to preliminary and permanent injunctive relief preventing Defendant from continuing to engage in patent infringement.

58.    As a direct and proximate result of Defendant's patent infringement, Plaintiffs are entitled to recover actual damages in an amount to be proven at trial, but in no event less than a reasonable royalty.

59.    Defendant's conduct as alleged above and in the facts section herein makes this an exceptional case under 35 U.S.C. § 285, entitling Plaintiffs to the attorneys' fees and costs incurred in this action.

**COUNT VI**

**PATENT INFRINGEMENT**

**UNITED STATES PATENT NO. 9,335,123**

60.    Plaintiffs incorporate by reference the allegations of paragraphs 1 through 19 above, as if fully set forth herein.

61.    On information and belief, Defendant has been infringing, and is still infringing, at least claims 1-3, 7, 8, 10, 12, 13, 15, 17, 19, 21, 22, 24-28, 30, 32, 33, 35, 37, 38, 40, 42, 44,

46, 47, 49-51, 60-62, 66, 67, 69, 71, 72, 74, 76, 78, 80-87, 91, 92, 94, 96, 97, 99, 101, 103, and 105-110 of the '123 patent, in violation of 35 U.S.C. § 271, by, at least, its activities in making, use, sales, and/or production of the ILLUM. IMPACT-23 MOA, IMPACT-29 MOA, ILLUM. IMPACT-29 MOA, IMPACT-32 MOA, ILLUM IMPACT-45 MOA, TS-29 X1, and TS-32 X1 reticles, and scopes and/or target acquisition devices equipped with the above reticles, such as the products listed in EXHIBITS G-K, M, and N.  The above reticles and the scopes and/or target acquisition devices listed in EXHIBITS G-K, M, and N satisfy all elements of claims of the '123 patent, as set forth and evidenced by the element-by-element analysis of EXHIBIT T (all of the above reticles are exemplified in EXHIBIT T by the ILLUM IMPACT-29 MOA, as these reticles exhibit common features with respect to the claim elements). Defendant has infringed and continues to directly infringe at least the aforementioned claims of the patents-in-suit by importing, making, using, selling, and/or offering to sell in the United States one or more scopes and/or reticles, including but not limited to those identified in this Complaint, in violation of 35 U.S.C. § 271.

62.    Defendant has been directly infringing the aforementioned claims of the '123 patent in the United States, including in this Judicial District.

63.    Defendant's patent infringement has allowed Defendant to unfairly reap a substantial commercial and competitive advantage and savings in, *inter alia*, research, development, and operational time and cost.

64.    Defendant's continued patent infringement is willful and deliberate, with full knowledge of the '123 patent and Plaintiffs' rights therein and, on information and belief, Defendant's infringement of the '123 patent.  Despite having licenses to the patent-in-suit for other reticles and products (see paragraph 13, above), and Plaintiffs' attempts to work with

Defendant on this issue, Defendant has willfully and egregiously declined to bring the reticles listed herein and products containing such reticles under license and to pay a fair royalty (see paragraphs 14-15, above).  Defendant's unwillingness to discuss its infringement of Plaintiffs' patents and/or Plaintiffs' offers to negotiate a license for the infringing reticles and products, despite Plaintiffs' clear willingness to provide reasonable licensing terms for the patents-in-suit and offer to bring infringing products under license, have forced Plaintiffs into taking legal action, at great expense, demonstrating the egregiousness of Defendant's actions.

65.    Defendant's infringement of the '123 patent has caused, and unless restrained and enjoined, will continue to cause irreparable harm to Plaintiffs that cannot be adequately quantified or compensated by monetary damages alone and for which there is no adequate remedy at law. In view of the particular products now at issue and the competitive positions between the parties, a license or reasonable royalty would not suffice and an injunction is necessary. For example, Defendant is directly competing with pirated technology in certain market segments that will result in permanent or lasting harm absent an injunction. An injunction also is necessary to address the unlawful, bad faith head start Defendant took by offering pirated and/or infringing products in certain market segments before the expiration of the patents at issue.  Plaintiffs are entitled to preliminary and permanent injunctive relief preventing Defendant from continuing to engage in patent infringement.

66.    As a direct and proximate result of Defendant's patent infringement, Plaintiffs are entitled to recover actual damages in an amount to be proven at trial, but in no event less than a reasonable royalty.

67.     Defendant's conduct as alleged above and in the facts section makes this an exceptional case under 35 U.S.C. § 285, entitling Plaintiffs to the attorneys' fees and costs incurred in this action.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment as follows:

A.      That the claims of the patents-in suit are valid and enforceable.

B.      That Defendant be held to have infringed the patents-in-suit.

C.      For the entry of an order preliminarily and permanently enjoining Defendant, its subsidiaries, affiliates, parents, successors, assigns, officers, agents, servants, employees, attorneys, and all persons acting in concert or in participation with them, or any of them, from infringing, contributing to the infringement of, and inducing infringement of the patents-in-suit, and specifically from directly or indirectly making, using, importing, selling, or offering for sale, any products embodying the inventions of the patents-in-suit during the life of the claims of the patents-in-suit, without the express written authority of Plaintiffs.

D.      That Defendant be directed to fully compensate Plaintiffs for all damages attributable to Defendant's infringement of the patents-in-suit in an amount according to proof at trial, including, but not limited to, reasonable royalties and lost profits.

E.      For an award of enhanced damages, pursuant to 35 U.S.C. § 284.

F.      That Defendant be ordered to deliver to Plaintiffs, for destruction at Plaintiffs' option, all products that infringe the patents-in-suit.

G.      For an accounting and that Defendant be required to account for all sales, revenue, income, gains, profits, advantages, and unjust enrichment derived from its violations of law.

H.      For an award of pre-judgment and post-judgment interest and costs pursuant to 35 U.S.C. § 284.

I.      That Defendant be required to pay Plaintiffs their costs of suit, including their attorneys' fees pursuant to 35 U.S.C. § 285.

J.      That Plaintiffs have such other, further, and different relief as the Court deems proper under the circumstances.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury of all issues triable of right by a jury in the above-captioned case.

Dated: October 10, 2017

*s/Todd M. Siegel*
Scott E. Davis, OSB No. 022883
scott.davis@klarquist.com
Todd M. Siegel, OSB No. 001049
todd.siegel@klarquist.com
KLARQUIST SPARKMAN, LLP
121 S.W. Salmon Street, Suite 1600
Portland, Oregon 97204
Telephone: (503) 595-5300
Fax: (503) 595-5301

David A. Casimir, *pro hac vice*
Email: dacasimir@casimirjones.com
David W. Staple, *pro hac vice*
Email: dwstaple@casimirjones.com
CASIMIR JONES, S.C.
2275 Deming Way, Suite 310
Middleton, WI 53562
Telephone: (608) 662-1277
Fax: (608) 662-1276

Attorneys for Plaintiffs
Lightforce USA, Inc. and
HVRT Corp.

FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT          Page 22