**Scott D. Eads,** OSB #910400
Email: seads@schwabe.com
**Brenna K. Legaard**, OSB #001658
Email: blegaard@schwabe.com
**Jason A. Wrubleski**, OSB #120524
Email: jwrubleski@schwabe.com
SCHWABE, WILLIAMSON & WYATT, P.C.
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Facsimile: 503.796.2900

    Attorneys for Defendant
    Leupold & Stevens, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **LIGHTFORCE USA, INC. d/b/a NIGHTFORCE OPTICS** and **NIGHTFORCE USA,** a Washington corporation, and **HVRT CORP.,** a Washington corporation,<br><br>    Plaintiffs,<br><br>vs.<br><br>**LEUPOLD & STEVENS, INC.,** an Oregon corporation,<br><br>    Defendant. | No. 3:17-cv-01153-AC<br><br>LEUPOLD & STEVENS, INC.'S ANSWER TO FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT AND COUNTERCLAIMS<br><br>DEMAND FOR JURY TRIAL |

Defendant Leupold & Stevens, Inc. ("Leupold") answers Plaintiffs Lightforce USA, Inc. d/b/a Nightforce Optics and Nightforce USA ("Nightforce") and HVRT Corp.'s ("HVRT") (collectively "Plaintiffs") First Amended Complaint for Patent Infringement [Dkt. 20] as set forth herein.

Page 1 -   LEUPOLD ANSWER TO FIRST AMENDED
COMPLAINT AND COUNTERCLAIMS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

## NATURE OF THE ACTION

1. Leupold admits that this is an action that purports to be for alleged patent infringement, injunctive relief, and damages, and which purports to allege infringement of United States Patent Numbers 6,453,595 ("the '595 patent"); 8,109,029 ("the '029 patent"); 8,656,630 ("the '630 patent"); 8,707,608 ("the '608 patent"); 8,966,806 ("the '806 patent"); and 9,335,123 ("the '123 patent") (collectively, the "patents-in-suit"). Leupold admits that the patents-in-suit refer to reticles. Leupold admits that the action purports to arise under the patent laws of the United States, and that Leupold denies infringing any valid claim of the asserted patents. Exhibits A–F are documents that speak for themselves. To the extent a response is required, Leupold lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 pertaining to Exhibits A–F, and therefore denies the same. Leupold denies the remainder of the allegations in paragraph 1.

## PARTIES

2. Leupold lacks knowledge or information sufficient to confirm or deny Nightforce's corporate status or principle place of business, and therefore denies the allegations in paragraph 2.

3. Leupold lacks knowledge or information sufficient to confirm or deny HVRT's corporate status or principle place of business, and therefore denies the allegations in paragraph 3.

4. Admitted.

## JURISDICTION AND VENUE

5. Leupold admits that this is an action that purports to be for alleged patent infringement, injunctive relief, and damages, and which purports to arise under 35 U.S.C. §§ 1 *et seq.* Leupold admits that this Court has subject matter jurisdiction to determine this action, pursuant to 28 U.S.C. §§ 1331 and 1338(a). Leupold admits that venue is proper in this Court pursuant to 28 U.S.C. § 1400(b). Leupold denies the remainder of the allegations in paragraph 5.

Page 2 -   LEUPOLD ANSWER TO FIRST AMENDED
COMPLAINT AND COUNTERCLAIMS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

6.  Leupold admits that this Court has subject matter jurisdiction to determine this action, pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7.  Leupold admits that this Court has personal jurisdiction over Leupold, that it conducts business in this District, that it has its principal place of business within this District, and that it avails itself of the privilege of conducting activities in Oregon. Leupold denies the remainder of the allegations in paragraph 7.

8.  Leupold admits that venue is proper in this Court pursuant to 28 U.S.C. § 1400(b), that it resides in this District and is incorporated in Oregon, that this Court has personal jurisdiction over it, that it has its principal place of business within this District, and that it has substantial contacts with Oregon. Leupold denies the remainder of the allegations in paragraph 8.

## FACTS

9.  Leupold lacks knowledge or information sufficient to confirm or deny the allegations in paragraph 9, and therefore denies the same.

10. Leupold lacks knowledge or information sufficient to confirm or deny the allegations in paragraph 10, and therefore denies the same.

11. Leupold admits that it develops, manufactures, offers to sell and sells products containing reticles. Exhibits G–N are documents and speak for themselves. To the extent a response to allegations in paragraph 11 pertaining to Exhibits G–N is required, Leupold denies them except as expressly admitted herein. Leupold admits that the products listed in Exhibits G, H, I, K, and M are or have been available with the listed reticles as an option. Leupold denies that the product identified in Exhibit M is correctly designated, and otherwise denies the allegations in paragraph 11.

12. Leupold lacks knowledge or information sufficient to confirm or deny that the Tremor3 reticle is highly popular for both civilian and military applications, and therefore denies the same. Leupold denies the remainder of the allegations in paragraph 12.

Page 3 -   LEUPOLD ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIMS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

13.     Leupold admits that it has licenses for the asserted patents, allowing it to make, have made, use and integrate reticles into rifle scopes, spotting scopes, and other optical devices. Leupold lacks knowledge or information sufficient to confirm or deny that the licenses were acquired by HVRT, and therefore denies the same. Leupold denies the remainder of the allegations in paragraph 13.

14.     Leupold admits that it has sold some authorized products under a license which Plaintiffs allege they have acquired, and that it has made royalty payments to HVRT for such sales. Leupold denies the remainder of the allegations in paragraph 14.

15.     Denied.

16.     Leupold admits that it received a July 29, 2015 licensing demand associated with some of the patents-in-suit, and that after multiple attempts by Leupold personnel to contact the sender, Mikael Crowther and David Casimir spoke on December 15, 2015. Leupold denies the remainder of the allegations in paragraph 16.

17.     Leupold admits that Mikael Crowther received an undated letter which alleged that HVRT had acquired Horus Vision's intellectual property, and which broadly alleged that the CMR-W GRID reticle, the TS-29 X1 reticle, and TS-32X1 MOA should be brought "into licensing compliance." Leupold denies the remainder of the allegations of paragraph 17.

18.     Leupold admits that David Casimir spoke with counsel for Leupold on or about June 13, 2017 and listed the patents-in-suit alleged to be infringed. Leupold otherwise denies the remainder of the allegations in paragraph 18.

19.     Denied.

## COUNT 1
## PATENT INFRINGEMENT
## UNITED STATES PATENT NO. 6,453,595

20.     To the extent any response to paragraph 20 is required, Leupold incorporates its responses to paragraphs 1–19 of the First Amended Complaint as if set forth in full here.

21.     Denied.

Page 4 -    LEUPOLD ANSWER TO FIRST AMENDED
                 COMPLAINT AND COUNTERCLAIMS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

## COUNT 2
## PATENT INFRINGEMENT
## UNITED STATES PATENT NO. 8,109,029

28. To the extent any response to paragraph 20 is required, Leupold incorporates its responses to paragraphs 1–27 of the First Amended Complaint as if set forth in full here.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

## COUNT 3
## PATENT INFRINGEMENT
## UNITED STATES PATENT NO. 8,656,630

36. To the extent any response to paragraph 20 is required, Leupold incorporates its responses to paragraphs 1–35 of the First Amended Complaint as if set forth in full here.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

Page 5 -    LEUPOLD ANSWER TO FIRST AMENDED
COMPLAINT AND COUNTERCLAIMS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

42. Denied.

43. Denied.

### COUNT 4
### PATENT INFRINGEMENT
### UNITED STATES PATENT NO. 8,707,608

44. To the extent any response to paragraph 20 is required, Leupold incorporates its responses to paragraphs 1–43 of the First Amended Complaint as if set forth in full here.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

### COUNT 5
### PATENT INFRINGEMENT
### UNITED STATES PATENT NO. 8,966,806

52. To the extent any response to paragraph 20 is required, Leupold incorporates its responses to paragraphs 1–51 of the First Amended Complaint as if set forth in full here.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

Page 6 -   LEUPOLD ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIMS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

## COUNT 6
## PATENT INFRINGEMENT
## UNITED STATES PATENT NO. 9,335,123

60. To the extent any response to paragraph 20 is required, Leupold incorporates its responses to paragraphs 1–59 of the First Amended Complaint as if set forth in full here.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

## GENERAL DENIAL AND RESPONSE TO PRAYER FOR RELIEF

Leupold specifically denies each and every allegation in Plaintiffs' First Amended Complaint not otherwise specifically admitted herein. Leupold further denies that Plaintiffs are entitled to any of the remedies or relief requested in paragraphs A–J of Plaintiffs' Prayer for Relief.

## DEFENSES AND AFFIRMATIVE DEFENSES

### FIRST DEFENSE
### Non-Infringement

1. Leupold has not infringed any claim of the '595, '029, '630, '608, '806, or '123 patents, either literally or under the doctrine of equivalents. Leupold has not induced or contributed to any infringement of the '595, '029, '630, '608, '806, or '123 patents by others.

### SECOND DEFENSE
### Invalidity

2. The claims of the '595, '029, '630, '608, '806, and/or '123 patents are invalid for failure to comply with the conditions for patentability specified in Part 2 of Title 35, United States Code §§ 101 *et seq.*

Page 7 -   LEUPOLD ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIMS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

## THIRD DEFENSE
### Failure to State a Claim

3.      The First Amended Complaint fails to state a claim upon which relief can be granted.

## FOURTH DEFENSE
### Prosecution History Estoppel

4.      Because of proceedings before the United States Patent and Trademark Office ("the USPTO") during prosecution of the applications that resulted in the '595, '029, '630, '608, '806, or '123 patents, Plaintiffs are estopped from asserting constructions of the '595, '029, '630, '608, '806, or '123 patents that would cause any valid claim thereof to cover or include any product manufactured, used, sold, or offered for sale by Leupold, or any methods performed by any product manufactured, used, sold, or offered for sale by Leupold.

5.      Plaintiffs are further estopped from asserting infringement of the '595, '029, '630, '608, '806, or '123 patents under the doctrine of equivalents.

## FIFTH DEFENSE
### No Irreparable Harm

6.      Plaintiffs are not entitled to injunctive relief because, *inter alia*, any alleged injury to Plaintiffs is not immediate or irreparable, and Plaintiffs have an adequate remedy at law.

## SIXTH DEFENSE
### Damages Limitations

7.      Plaintiffs' claims for damages are barred in whole or in part under 35 U.S.C §§ 286, 287, and 288.

## SEVENTH DEFENSE
### License

8.      Leupold's accused reticles are permitted under one or more license agreement(s) with Plaintiffs, their predecessors in interest, and/or Horus Vision, LLC.

Page 8 -   LEUPOLD ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIMS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

### EIGHTH DEFENSE
### Equitable Defenses

9. Plaintiffs' claims for relief are barred in whole or in part by the doctrines of waiver, equitable estoppel, unclean hands, or other applicable equitable doctrines, including but not limited to its unclean hands in bringing a retaliatory action intended to buttress its position in an unrelated litigation.

### NINTH DEFENSE
### Exceptional Case

10. This is an exceptional case under 35 U.S.C. § 285, and accordingly, Leupold is entitled to its attorneys' fees incurred in defending against Plaintiffs' First Amended Complaint.

### TENTH DEFENSE
### Substantial Non-Infringing Use

11. Each Leupold product accused of infringement has at least one substantial use that does not infringe any claim of the '595, '029, '630, '608, '806, or '123 patents, and does not induce or contribute to the alleged infringement of any claim of the '595, '029, '630, '608, '806, or '123 patents.

### ELEVENTH DEFENSE
### Patent Misuse

12. Plaintiffs are barred from enforcing the '595, '029, '630, '608, '806, or '123 patents by the doctrine of patent misuse.

### COUNTERCLAIMS

Defendant/Counterclaimant Leupold & Stevens, Inc. ("Leupold") brings the following counterclaims against Plaintiffs/Counterclaim-Defendants Lightforce USA, Inc. d/b/a Nightforce Optics and Nightforce USA and HVRT Corp., and alleges as follows:

1. This is a Declaratory Judgment action for declarations of non-infringement and invalidity as to U.S. Patent Nos. 6,453,595 (the "'595 patent"); 8,109,029 (the "'029 patent"); 8,656,630 (the "'630 patent"); 8,707,608 (the "'608 patent"); 8,966,806 (the "'806 patent"); and 9,335,123 (the "'123 patent") (collectively the "patents-in-suit").

Page 9 -   LEUPOLD ANSWER TO FIRST AMENDED
             COMPLAINT AND COUNTERCLAIMS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

2.  Founded in 1907, Leupold has been family-owned and operated for five generations, making world-class optics for over 100 years. Leupold has provided millions of scopes, binoculars, and rangefinders to sportsmen, hunters, and surveyors, as well as to the United States Army, Navy, Marine Corps, and Secret Service, earning a reputation for innovation, quality, and accuracy. Leupold is a corporation organized and existing under the laws of the State of Oregon, with its principal place of business in Beaverton, Oregon.

3.  On information and belief, Lightforce USA, Inc. d/b/a Nightforce Optics and Nightforce USA ("Nightforce") is a Washington corporation having its principal place of business in Orofino, Idaho.

4.  On information and belief, HVRT Corp. ("HVRT") is a Washington corporation having its principal place of business in Lewiston, Idaho. Nightforce and HVRT are collectively referred to herein as "Plaintiffs."

5.  These counterclaims arise under the patent laws of the United States, Title 35, United States Code. Accordingly, this Court has subject matter jurisdiction over Leupold's counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338.

6.  On July 25, 2017, Plaintiffs filed their original complaint alleging that Leupold infringes the patents-in-suit. On October 10, 2017, Plaintiffs filed their First Amended Complaint alleging that Leupold infringes the patents-in-suit.

7.  Plaintiffs accuse certain Leupold products containing certain reticles of infringing the patents-in-suit, including products incorporating Leupold's Illum. Impact-23 MOA, Impact-29 MOA, Illum. Impact-29 MOA, Impact-32 MOA, Illum. Impact-45 MOA, CMR-W Grid, TS-29 X1, and TS-32 X1 reticles (collectively the "Accused Products").

8.  Leupold denies infringement and disputes the validity of one or more of the asserted claims of the patents-in-suit.

9.  Therefore, a real, immediate, and justiciable controversy exists between Plaintiffs and Leupold with respect to the validity and non-infringement of the patents-in-suit.

Page 10 -   LEUPOLD ANSWER TO FIRST AMENDED
            COMPLAINT AND COUNTERCLAIMS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

Accordingly, the Court also has subject matter jurisdiction over these counterclaims under the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202.

10. As plaintiffs in the above-captioned lawsuit, Plaintiffs have each consented to jurisdiction and venue in this Court. A substantial part of the events giving rise to these declaratory judgment claims also occurred in this District. As such, this Court has personal jurisdiction over Plaintiffs, and venue is proper under at least 28 U.S.C. § 1391.

## COUNT 1
## DECLARATORY JUDGMENT OF
## NON-INFRINGEMENT OF THE '595 PATENT

11. Each allegation in paragraphs 1–10 of these Counterclaims is re-alleged and incorporated by reference as though fully set forth herein.

12. The '595 patent was issued by the United States Patent and Trademark Office. Upon information and belief, HVRT claims to own the '595 patent and to hold the right to enforce it, and Nightforce claims to hold the right to enforce the '595 patent.

13. Plaintiffs have asserted that Leupold infringes the '595 patent. Thus, an actual and justiciable controversy exists between Leupold and Plaintiffs concerning infringement of the '595 patent.

14. Leupold has not infringed and does not infringe any valid claim of the '595 patent literally, under the doctrine of equivalents, directly, contributorily, by inducement, or in any other manner.

15. Accordingly, Leupold is entitled to a declaratory judgment pursuant to 28 U.S.C. §§ 2201 *et seq.* that it has not infringed and does not infringe any valid claim of the '595 patent.

## COUNT 2
## DECLARATORY JUDGMENT OF
## NON-INFRINGEMENT OF THE '029 PATENT

16. Each allegation in paragraphs 1–15 of these Counterclaims is re-alleged and incorporated by reference as though fully set forth herein.

Page 11 -   LEUPOLD ANSWER TO FIRST AMENDED
            COMPLAINT AND COUNTERCLAIMS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

17. The '029 patent was issued by the United States Patent and Trademark Office. Upon information and belief, HVRT claims to own the '029 patent and to hold the right to enforce it, and Nightforce claims to hold the right to enforce the '029 patent.

18. Plaintiffs have asserted that Leupold infringes the '029 patent. Thus, an actual and justiciable controversy exists between Leupold and HVRT concerning infringement of the '029 patent.

19. Leupold has not infringed and does not infringe any of the claims of the '029 patent literally, under the doctrine of equivalents, directly, contributorily, by inducement, or in any other manner.

20. Accordingly, Leupold is entitled to a declaratory judgment pursuant to 28 U.S.C. §§ 2201 *et seq.* that it has not infringed and does not infringe any valid claim of the '029 patent.

## COUNT 3
## DECLARATORY JUDGMENT OF
## NON-INFRINGEMENT OF THE '630 PATENT

21. Each allegation in paragraphs 1–20 of these Counterclaims is re-alleged and incorporated by reference as though fully set forth herein.

22. The '630 patent was issued by the United States Patent and Trademark Office. Upon information and belief, HVRT claims to own the '630 patent and to hold the right to enforce it, and Nightforce claims to hold the right to enforce the '630 patent.

23. Plaintiffs have asserted that Leupold infringes the '630 patent. Thus, an actual and justiciable controversy exists between Leupold and Plaintiffs concerning infringement of the '630 patent.

24. Leupold has not infringed and does not infringe any of the claims of the '630 patent literally, under the doctrine of equivalents, directly, contributorily, by inducement, or in any other manner.

25. Accordingly, Leupold is entitled to a declaratory judgment pursuant to 28 U.S.C. §§ 2201 *et seq.* that it has not infringed and does not infringe any valid claim of the '630 patent.

Page 12 -   LEUPOLD ANSWER TO FIRST AMENDED
            COMPLAINT AND COUNTERCLAIMS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

## COUNT 4
## DECLARATORY JUDGMENT OF
## NON-INFRINGEMENT OF THE '608 PATENT

26. Each allegation in paragraphs 1–25 of these Counterclaims is re-alleged and incorporated by reference as though fully set forth herein.

27. The '608 patent was issued by the United States Patent and Trademark Office. Upon information and belief, HVRT claims to own the '608 patent and to hold the right to enforce it, and Nightforce claims to hold the right to enforce the '608 patent.

28. Plaintiffs have asserted that Leupold infringes the '608 patent. Thus, an actual and justiciable controversy exists between Leupold and Plaintiffs concerning infringement of the '608 patent.

29. Leupold has not infringed and does not infringe any of the claims of the '608 patent literally, under the doctrine of equivalents, directly, contributorily, by inducement, or in any other manner.

30. Accordingly, Leupold is entitled to a declaratory judgment pursuant to 28 U.S.C. §§ 2201 *et seq.* that it has not infringed and does not infringe any valid claim of the '608 patent.

## COUNT 5
## DECLARATORY JUDGMENT OF
## NON-INFRINGEMENT OF THE '806 PATENT

31. Each allegation in paragraphs 1–30 of these Counterclaims is re-alleged and incorporated by reference as though fully set forth herein.

32. The '806 patent was issued by the United States Patent and Trademark Office. Upon information and belief, HVRT claims to own the '806 patent and to hold the right to enforce it, and Nightforce claims to hold the right to enforce the '806 patent.

33. Plaintiffs have asserted that Leupold infringes the '806 patent. Thus, an actual and justiciable controversy exists between Leupold and Plaintiffs concerning infringement of the '806 patent.

Page 13 -   LEUPOLD ANSWER TO FIRST AMENDED
COMPLAINT AND COUNTERCLAIMS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

34. Leupold has not infringed and does not infringe any of the claims of the '806 patent literally, under the doctrine of equivalents, directly, contributorily, by inducement, or in any other manner.

35. Accordingly, Leupold is entitled to a declaratory judgment pursuant to 28 U.S.C. §§ 2201 *et seq.* that it has not infringed and does not infringe any valid claim of the '806 patent.

## COUNT 6
## DECLARATORY JUDGMENT OF
## NON-INFRINGEMENT OF THE '123 PATENT

36. Each allegation in paragraphs 1–35 of these Counterclaims is re-alleged and incorporated by reference as though fully set forth herein.

37. The '123 patent was issued by the United States Patent and Trademark Office. Upon information and belief, HVRT claims to own the '123 patent and to hold the right to enforce it, and Nightforce claims to hold the right to enforce the '123 patent.

38. Plaintiffs have asserted that Leupold infringes the '123 patent. Thus, an actual and justiciable controversy exists between Leupold and Plaintiffs concerning infringement of the '123 patent.

39. Leupold has not infringed and does not infringe any of the claims of the '123 patent literally, under the doctrine of equivalents, directly, contributorily, by inducement, or in any other manner.

40. Accordingly, Leupold is entitled to a declaratory judgment pursuant to 28 U.S.C. §§ 2201 *et seq.* that it has not infringed and does not infringe any valid claim of the '123 patent.

## COUNT 7
## DECLARATORY JUDGMENT OF
## INVALIDITY OF THE '595 PATENT

41. Each allegation in paragraphs 1–40 of these Counterclaims is re-alleged and incorporated by reference as though fully set forth herein.

Page 14 -   LEUPOLD ANSWER TO FIRST AMENDED
             COMPLAINT AND COUNTERCLAIMS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

42. The asserted claims of the '595 patent are invalid for failure to comply with one or more of the conditions of patentability set forth in Title 35 of the United States Code, including, for example, §§ 101, 102, 103, 112, and/or the non-statutory doctrine of double patenting.

43. Accordingly, Leupold is entitled to a declaratory judgment pursuant to 28 U.S.C. §§ 2201 *et seq.* that the asserted claims of the '595 patent are invalid.

## COUNT 8
## DECLARATORY JUDGMENT OF
## INVALIDITY OF THE '029 PATENT

44. Each allegation in paragraphs 1–43 of these Counterclaims is re-alleged and incorporated by reference as though fully set forth herein.

45. The asserted claims of the '029 patent are invalid for failure to comply with one or more of the conditions of patentability set forth in Title 35 of the United States Code, including, for example, §§ 101, 102, 103, 112, and/or the non-statutory doctrine of double patenting.

46. Accordingly, Leupold is entitled to a declaratory judgment pursuant to 28 U.S.C. §§ 2201 *et seq.* that the asserted claims of the '029 patent are invalid.

## COUNT 9
## DECLARATORY JUDGMENT OF
## INVALIDITY OF THE '630 PATENT

47. Each allegation in paragraphs 1–46 of these Counterclaims is re-alleged and incorporated by reference as though fully set forth herein.

48. The asserted claims of the '630 patent are invalid for failure to comply with one or more of the conditions of patentability set forth in Title 35 of the United States Code, including, for example, §§ 101, 102, 103, 112, and/or the non-statutory doctrine of double patenting.

Page 15 -   LEUPOLD ANSWER TO FIRST AMENDED
             COMPLAINT AND COUNTERCLAIMS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

49. Accordingly, Leupold is entitled to a declaratory judgment pursuant to 28 U.S.C. §§ 2201 *et seq.* that the asserted claims of the '630 patent are invalid.

## COUNT 10
## DECLARATORY JUDGMENT OF
## INVALIDITY OF THE '608 PATENT

50. Each allegation in paragraphs 1–49 of these Counterclaims is re-alleged and incorporated by reference as though fully set forth herein.

51. The asserted claims of the '608 patent are invalid for failure to comply with one or more of the conditions of patentability set forth in Title 35 of the United States Code, including, for example, §§ 101, 102, 103, 112, and/or the non-statutory doctrine of double patenting.

52. Accordingly, Leupold is entitled to a declaratory judgment pursuant to 28 U.S.C. §§ 2201 *et seq.* that the asserted claims of the '608 patent are invalid.

## COUNT 11
## DECLARATORY JUDGMENT OF
## INVALIDITY OF THE '806 PATENT

53. Each allegation in paragraphs 1–52 of these Counterclaims is re-alleged and incorporated by reference as though fully set forth herein.

54. The asserted claims of the '806 patent are invalid for failure to comply with one or more of the conditions of patentability set forth in Title 35 of the United States Code, including, for example, §§ 101, 102, 103, 112, and/or the non-statutory doctrine of double patenting.

55. Accordingly, Leupold is entitled to a declaratory judgment pursuant to 28 U.S.C. §§ 2201 *et seq.* that the asserted claims of the '806 patent are invalid.

Page 16 -   LEUPOLD ANSWER TO FIRST AMENDED
COMPLAINT AND COUNTERCLAIMS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

## COUNT 12
## DECLARATORY JUDGMENT OF
## INVALIDITY OF THE '123 PATENT

56. Each allegation in paragraphs 1–55 of these Counterclaims is re-alleged and incorporated by reference as though fully set forth herein.

57. The asserted claims of the '123 patent are invalid for failure to comply with one or more of the conditions of patentability set forth in Title 35 of the United States Code, including, for example, §§ 101, 102, 103, 112, and/or the non-statutory doctrine of double patenting.

58. Accordingly, Leupold is entitled to a declaratory judgment pursuant to 28 U.S.C. §§ 2201 *et seq.* that the asserted claims of the '123 patent are invalid.

## PRAYER FOR RELIEF

WHEREFORE, Leupold respectfully prays for the following relief:

(a) that Plaintiffs take nothing by their First Amended Complaint;

(b) that Plaintiffs' First Amended Complaint be dismissed in its entirety with prejudice;

(c) a declaration and judgment that the claims of United States Patent Nos. 6,453,595; 8,109,029; 8,656,630; 8,707,608; 8,966,806; and 9,335,123 are not directly or indirectly infringed by Leupold;

(d) a declaration and judgment that the claims of United States Patent Nos. 6,453,595; 8,109,029; 8,656,630; 8,707,608; 8,966,806; and 9,335,123 are invalid;

(e) a declaration and judgment that this case is an "exceptional" case within the meaning of 35 U.S.C. § 285;

(f) an award of reasonable attorneys' fees, expenses and costs incurred by Leupold in this action; and

(g) such other and further relief to which Leupold may be entitled, or which the Court deems just and proper.

Page 17 -   LEUPOLD ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIMS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Leupold requests a trial by jury of all issues so triable.

Dated this 24th day of October, 2017.

        Respectfully submitted,

        SCHWABE, WILLIAMSON & WYATT, P.C.

    By: *s/ Brenna K. Legaard*
        Scott D. Eads, OSB #910400
        Brenna K. Legaard, OSB #001658
        Jason A. Wrubleski, OSB #120524
        Telephone: 503.222.9981
        Facsimile: 503.796.2900

        Of Attorneys for Defendant
        Leupold & Stevens, Inc.

Page 18 -   LEUPOLD ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIMS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900