**Scott D. Eads,** OSB #910400
Email: seads@schwabe.com
**Jason A. Wrubleski**, OSB #120524
Email: jwrubleski@schwabe.com
SCHWABE, WILLIAMSON & WYATT, P.C.
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Facsimile: 503.796.2900

Attorneys for Defendant Leupold & Stevens, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **LIGHTFORCE USA, INC. d/b/a NIGHTFORCE OPTICS** and **NIGHTFORCE USA,** a Washington corporation, and **HVRT CORP.**, a Washington corporation,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>**LEUPOLD & STEVENS, INC.**, an Oregon corporation,<br><br>　　　　　Defendant. | No. 3:17-cv-01153-AC<br><br>**LEUPOLD'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SURREPLY** |

LEUPOLD'S OPPOSITION TO PLAINTIFFS' MOTION
FOR LEAVE TO FILE SURREPLY

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

"[S]urreplies are disfavored and the party seeking one has to demonstrate a compelling reason for permitting the additional filing and such requests are routinely disallowed when that burden is not met." *Raybould v. JP Morgan Chase Bank, N.A.*, 2014 U.S. Dist. LEXIS 174472, *2 n. 2 (D. Or. Nov. 12, 2014). "Extending further opportunities to respond should and must be limited to situations where a party has been unfairly or improperly prejudiced by the submission of new evidence with a reply." *In re Aircraft Investor Res., LLC*, 2011 Bankr. LEXIS 2257, *4 (Bankr. D. Or. June 8, 2011). Plaintiffs' motion for leave to file a surreply fails to meet this stringent standard and should be denied.

The principal argument in Plaintiffs' proposed surreply is that Fig. 51b of a 2004 patent application ("2004 Application" or "Application") allegedly discloses "interrupted dot cross-hairs," supporting a priority claim back to the 2004 Application. As explained below, Plaintiffs grossly misstate the teachings of the 2004 Application concerning Fig. 51b. The 2004 Application teaches that the dots relied upon by Plaintiffs are "identification markings," and further makes clear that "identification markings" are not "cross-hairs."

Plaintiffs also misrepresent this Court's May 30 Scheduling Order, which provides that any amendment to Plaintiffs' priority date contentions after the June 14, 2019 deadline could be made only with leave of the Court upon a showing of good cause. [ECF 66.] Plaintiffs admittedly have never sought leave and never attempted to make a showing of good cause for the amendment. Moreover, what Plaintiffs describe as "new arguments" in Leupold's reply brief were, in fact, just *responses* to the untimely new priority date contention that Plaintiffs unveiled for the first time in their opposition to Leupold's summary judgment motion.

Leupold respectfully submits that Plaintiffs' motion for leave to file a surreply should be denied on grounds of futility, and because Leupold presented no new evidence or arguments in its reply brief to justify such a filing.

Page 1 -   LEUPOLD'S OPPOSITION TO PLAINTIFFS' MOTION
           FOR LEAVE TO FILE SURREPLY

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

A.  **The 2004 Application Explains that the Row of Dots in Fig. 51b are "Identification Markings" and Not Cross-Hairs.**

Plaintiffs' priority date argument rests on their unsupported assertion that Fig. 51b of the 2004 Application discloses "interrupted dot cross-hairs." The Application, however, contradicts that assertion. The Application explains that the dots in Fig. 51b are "identification markings" and makes clear that these markings are not cross-hairs. [ECF 86 at 3-11.] To illustrate, an annotated portion of Fig. 51b is reproduced below:



Plaintiffs concede that a relevant description concerning Fig. 51b is contained in a portion of the Application specification that states: "***As shown in Fig. 51b, identification markings in other embodiments comprising solid dots vary in size***." [ECF 83-2 at 18 of 105.] In other words, Fig. 51b shows identification markings comprising solid dots of different sizes. As can be seen, 51b does show dots of two sizes, larger dots at the ends of three cross-hairs (blue) and a row of smaller dots between two cross-hairs (red). These different-sized dots are the "identification markings" referenced in the language quoted above.

Plaintiffs fabricate an alternative explanation in their proposed surreply, arguing that the "size" of an "identification marking" is the *distance* between dots located at opposite ends of a "cross-hair." [ECF 88 at 4.] Plaintiffs take this improbable position despite the fact that the "distance" between such identification markings may in many instances be occupied by a host of

Page 2 -    LEUPOLD'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SURREPLY

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

*other* types of markings that admittedly are not identification markings.

Plaintiffs' discussion on this point is devoid of any citations to the specification for one simple reason: there is <u>nothing</u> in the specification to support Plaintiffs' theory. There is, however, compelling ***contradictory evidence***. For example, the comparative descriptions of Figs. 51a and 51b demonstrate that, contrary to Plaintiffs' argument, it is the size of the individual "dots" that "vary," rather than the distance between arbitrarily selected dots. For illustrative purposes, annotated versions of Figs. 51a and 51b of the Application are reproduced below:



With respect to Figs. 51a and 51b, the Application states:

> As shown in **Fig. 51a**, identification markings in some embodiments comprise solid dots. As shown in **Fig. 51b**, identification markings in *other* embodiments comprising solid dots *vary* in size.

[ECF 83-2 at 18 of 105] (emphases added).

The contrast in the description of these two figures is crystal clear: Fig. 51a shows identification markings comprising solid dots of a single size, while Fig. 51b shows identification markings comprising solid dots that *vary* in size. This comparison shows that the

Page 3 -   LEUPOLD'S OPPOSITION TO PLAINTIFFS' MOTION
           FOR LEAVE TO FILE SURREPLY

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

reference to size is to the "size of the <u>dots</u>" not the "size of a distance."

The 51a to 51b comparison simultaneously exposes the error in Plaintiffs' contrary argument. Specifically, the blue-circled "size 1" identification markings in Figs. 51a and 51b are identical, *including* being separated by the same "distances." If Plaintiffs' interpretation were correct, Fig. 51a *also* would be described as having "identification markings that vary in size." Yet, Fig. 51a is not described that way. Only Fig. 51b—depicting "other" embodiments *having different-sized dots*—is described as having identification markings of varying size. Leupold's reading thus conforms to the natural meaning of this language in the context of the comparison being made, and Plaintiffs' plainly does not.

Plaintiffs also argue that the red-circled dots must comprise an "interrupted dot cross-hair" because they are flanked by numbers. However, there is nothing in this fact to detract from the plain meaning of the language discussed above. As Plaintiffs readily concede, "identification markings" may comprise a mix of dots and numbers. [ECF 88 at 4.] The Application specification confirms this fact. For example, Fig. 49 of the Application (annotated version below) provides examples of such identification markings:



FIG. 49

Page 4 -    LEUPOLD'S OPPOSITION TO PLAINTIFFS' MOTION
            FOR LEAVE TO FILE SURREPLY

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

Circled above are rows of "identification markings" consisting entirely of dots (blue) and other rows of "identification markings" comprising a mix of dots and numbers (red). [ECF 83-2 at 16 of 105] (Fig. 49 shows identification markings comprising "numbers alternating with geometric figures, for example, dots.") These rows of "identification markings" between cross-hairs identify specific locations along the lengths of the cross-hairs above or below them. Figure 49 thus refutes Plaintiffs' assertion that the presence of a number means that dots must be "cross-hairs." As shown, "identification markings"—which are not cross-hairs—may comprise a mix of symbols, including both numbers and dots. (*Id.*)

Finally, Mr. Casimir's hearsay "testimony" that inventor Sammut allegedly instructed him fifteen years ago to include the row of dots as a cross-hair deserves no weight. [ECF 88-1 at 6 of 6 n. 1.] If that were the case, Messrs. Casimir and Sammut would have been well-advised to disclose the existence and nature of "interrupted dot cross-hairs" in the 2004 Application. But the Application tellingly says *nothing* about such cross-hairs—or about any other kind of alleged "dot" cross-hair. Instead, the written description for Fig. 51b describes the dots in that figure as "identification markings." The 2004 Application also makes clear that "identification markings" are <u>not</u> "cross-hairs." [ECF 86 at 6-9.]

Plaintiffs' desperate attempt to fix their priority date problem with the unsworn, hearsay representations of their litigation counsel serves only to highlight the impossibility of defending their position based on the intrinsic evidence of the Application. Mr. Casimir's 2019 hearsay statement obviously cannot controvert the clear and contrary statements in the 2004 Application.

**B.     Plaintiffs Cannot Justify the Need for a Surreply Based On Leupold's Responses to Their Untimely New Priority Date Contention**

Leupold explained in its Request for Case Management Conference [ECF 87] that Plaintiffs have violated this Court's Scheduling Order by arguing a new priority date contention for the first time in their opposition to Leupold's motion for summary judgment. [ECF 87,

Page 5 -   LEUPOLD'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SURREPLY

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

attached as Exhibit A and incorporated herein by reference.][1] The alleged "new arguments" upon which Plaintiffs premise this motion were nothing more than Leupold's *responses* to Plaintiffs' untimely (and unpermitted) new contention.

Plaintiffs misrepresent the requirements of this Court's May 30 Scheduling Order in their proposed surreply. The Order clearly states that Plaintiffs' deadline for amending contentions without a showing of good cause was "**on or before 6/14/19**." [ECF 66] (emphasis added). The Order goes on to state that any "*amendment at another time requires leave of court upon good cause*." (*Id*.) (emphasis added.) Plaintiffs concede that they have never sought leave of the Court or attempted to make the required showing of good cause – nor could they make such a showing. Plaintiffs have thus waived their right to amend their priority date contention. [ECF 86 at 11-16.]

Finally, Plaintiffs incorrectly contend that they gave Leupold "notice" in an August 30, 2019 interrogatory response and in the pre-filing LR 7-1 conferral. In fact, the referenced interrogatory response states that the asserted claims of the '123 patent "were conceived of … by *no later than December 8, 1997*," which was the filing date of the first member of Plaintiffs' patent family. The response says nothing about changing Plaintiffs' long-standing 1997 priority date contention. Likewise, Plaintiffs' counsel said nothing about abandoning Plaintiffs' 1997 priority date in the pre-filing conferral. In any event, these both were long after June 14, 2019, such that any amendment required leave of the Court upon a showing of good cause—which Plaintiffs admittedly have never done.

For the foregoing reasons, Leupold respectfully submits that Plaintiffs' motion for leave to file a surreply should be denied, and that Leupold's motion for summary judgment be granted.

---

[1] Plaintiffs filed the instant motion a few hours after Leupold filed its CMC request [ECF 87], effectively mooting certain proposals identified in that request. [*Id*. at 3.] Leupold contends that it remains appropriate for the Court to limit briefing to the two briefs already filed. If Plaintiffs are permitted to file another brief, Leupold reserves the right to seek leave to file a response.

Page 6 -  LEUPOLD'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SURREPLY

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

Dated this 16th day of December, 2019.

                                        Respectfully submitted,

                                        SCHWABE, WILLIAMSON & WYATT, P.C.

By: *s/ Scott D. Eads*
    Scott D. Eads, OSB #910400
    Jason A. Wrubleski, OSB #120524
    Telephone: 503.222.9981
    Facsimile: 503.796.2900

Of Attorneys for Defendant
Leupold & Stevens, Inc.

Page 7 -    LEUPOLD'S OPPOSITION TO PLAINTIFFS' MOTION
             FOR LEAVE TO FILE SURREPLY

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900