**Scott D. Eads,** OSB #910400
Email: seads@schwabe.com
**Jason A. Wrubleski**, OSB #120524
Email: jwrubleski@schwabe.com
SCHWABE, WILLIAMSON & WYATT, P.C.
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Facsimile: 503.796.2900

Attorneys for Defendant
Leupold & Stevens, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **LIGHTFORCE USA, INC. d/b/a NIGHTFORCE OPTICS** and **NIGHTFORCE USA,** a Washington corporation, and **HVRT CORP.,** a Washington corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>**LEUPOLD & STEVENS, INC.,** an Oregon corporation,<br><br>Defendant. | No. 3:17-cv-01153-AC<br><br>**LEUPOLD'S REQUEST FOR CASE MANAGEMENT CONFERENCE PURSUANT TO L.R. 16-2(c)** |

LEUPOLD'S REQUEST FOR CASE MANAGEMENT
CONFERENCE PURSUANT TO L.R. 16-2(c)

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

Exhibit A
Page 1 of 4

The parties completed briefing on Leupold's motion for summary judgment against Plaintiffs' '123 patent on December 6, 2019. Plaintiffs' counsel contacted Leupold's undersigned counsel five days later concerning Plaintiffs' desire to file a sur-reply. Leupold objected to the sur-reply on grounds that Leupold's reply brief raised no new evidence or arguments to justify extended briefing. Plaintiffs presently intend to file a motion for leave to file a sur-reply, which would result in substantial additional briefing.

For reasons stated below, Leupold believes that the proposed additional round of briefing should not be permitted. However, if the Court believes that such briefing would be helpful, Leupold requests a case management conference to ensure an equitable and efficient process, pursuant to its proposal *infra* at 3.

### A.   Plaintiffs Violated this Court's Scheduling Order in Responding to Leupold's Summary Judgment Motion

On June 14, 2019, Plaintiffs served a supplemental set of infringement contentions, in which they acknowledged that the Court's Scheduling Order required them to state their contention regarding "the priority date to which each asserted claim allegedly is entitled." [ECF 76 at 5 of 325.] Plaintiffs stated that "**all asserted claims of the '123 patent are entitled to a priority date of December 8, 1997**." [*Id*. at 6 of 325.] (emphasis added.) Importantly, the Court's May 30 Scheduling Order required that any amendment of this contention made after June 14, 2019 could be made only with "**leave of court upon [a showing of] good cause.**" [ECF 66] (emphasis added.)

Plaintiffs ignored the Court's Scheduling Order and their own existing priority date contention in responding to Leupold's summary judgment motion. Specifically, in their response brief, Plaintiffs contended for the first time that the '123 patent is entitled to a 2004 priority date. Notably, in purporting to change this contention, Plaintiffs (i) did not acknowledge their June 14 contention; (ii) did not acknowledge the requirements of the Court's May 30 Scheduling Order; and (iii) did not make any attempt to demonstrate good cause, or seek leave of the Court, for the

Page 1 -   LEUPOLD'S REQUEST FOR CASE MANAGEMENT
CONFERENCE PURSUANT TO L.R. 16-2(c)

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

Exhibit A
Page 2 of 4

untimely amendment.  Plaintiffs instead purported to fault Leupold for not addressing in its opening brief the new contention that Plaintiffs *had not yet made*.

Plaintiffs suggest in their opposition brief that they provided "notice" of the proposed change to Leupold.  The facts do not support that argument:  the facts are that Plaintiffs never stated any intention to amend their claim to a 1997 priority date before filing their opposition to Leupold's summary judgment motion.  More important, Plaintiffs never sought leave of the Court and never attempted to make the showing of good cause required by the Court's May 30 Scheduling Order.  Obviously, this Court would know about it if they had.

It appears Plaintiffs were hoping that this change would somehow go unnoticed and unchallenged.  In any event, Plaintiffs could have, and should have, acknowledged the proposed change and attempted to make a showing of good cause in their opposition brief, but they elected not to do so.

**B.    Plaintiffs Should Not Be Permitted to Use Their Own Disregard for the Court's Scheduling Order to Justify an Additional Round of Briefing**

In seeking a sur-reply, Plaintiffs apparently intend to position Leupold's responses to their new priority date contention as "new arguments" sufficient to justify a sur-reply.  Review of the parties' briefing and associated evidence shows that Leupold made no new arguments.  Instead, Leupold *responded* to the new priority date contention in Plaintiffs' opposition, both directly on the merits, as well as on procedural waiver grounds.  Two telephonic conferrals between counsel have revealed that *all* of the alleged "new arguments" arise from the untimely new priority date contention raised for the first time in Plaintiffs' opposition brief.

However, Leupold clearly was entitled to respond to Plaintiffs' new contention.  Conversely, Plaintiffs' failure to abide by the clear terms of this Court's Scheduling Order does not justify Plaintiffs being awarded three additional briefs, including the final brief, on ***Leupold's*** summary judgment motion.[1]

---

[1] These three briefs would be opening and reply briefs in support of a motion for leave to file a sur-reply, and the sur-reply itself.  Leupold's opposition would be at least a fourth brief.

Page 2 -   LEUPOLD'S REQUEST FOR CASE MANAGEMENT
           CONFERENCE PURSUANT TO L.R. 16-2(c)

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

Exhibit A
Page 3 of 4

C.   **Leupold's Proposal**

Plaintiffs are not entitled to a sur-reply based on this procedural history.  The proper thing for Plaintiffs to have done was to openly acknowledge the proposed change in their priority date contention and follow the rules laid down by the Court.  Plaintiffs apparently recognize that Leupold's summary judgment motion is compelling, so they are seeking some means to avoid summary dismissal of their case.  While Plaintiffs' concerns are justified, their proposed procedure is not.  Leupold therefore opposes any additional briefing.

Alternatively, if the Court believes that additional briefing may be helpful to its decision-making process, Leupold proposes that briefing be strictly limited and that Leupold, as movant, be allocated the final brief.  In that event, Leupold would propose that Plaintiffs be permitted a five-page supplemental brief and that Leupold be allowed a five-page supplemental response, at which point briefing would be closed.

Dated this 13th day of December, 2019.

Respectfully submitted,

SCHWABE, WILLIAMSON & WYATT, P.C.

By: *s/ Scott D. Eads*
Scott D. Eads, OSB #910400
Jason A. Wrubleski, OSB #120524
Telephone: 503.222.9981
Facsimile: 503.796.2900

Of Attorneys for Defendant
Leupold & Stevens, Inc.

Page 3 -   LEUPOLD'S REQUEST FOR CASE MANAGEMENT
            CONFERENCE PURSUANT TO L.R. 16-2(c)

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

Exhibit A
Page 4 of 4