Scott E. Davis, OSB No. 022883
Email: scott.davis@klarquist.com
Todd M. Siegel, OSB No. 001049
Email: todd.siegel@klarquist.com
James E. Geringer, OSB No. 951783
James.geringer@klarquist.com
KLARQUIST SPARKMAN, LLP
121 S.W. Salmon St., Ste. 1600
Portland, Oregon 97204
Telephone: (503) 595-5300

David A. Casimir, *pro hac vice*
Email: dacasimir@casimirjones.com
David W. Staple, *pro hac vice*
Email: dwstaple@casimirjones.com
CASIMIR JONES S.C.
2275 Deming Way, Suite 310
Middleton, WI  53562
Telephone: (608) 662-1277

Attorneys for Plaintiffs
LIGHTFORCE USA, INC. and
HVRT Corp.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| LIGHTFORCE USA, INC. d/b/a NIGHTFORCE OPTICS and NIGHTFORCE USA; and HVRT CORP.,<br><br>Plaintiffs,<br><br>v.<br><br>LEUPOLD & STEVENS, INC.,<br><br>Defendant. | Civil Case No.: 3:17-cv-01153-AC<br><br>**PLAINTIFFS' SURREPLY IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT THAT THE ASSERTED CLAIMS OF U.S. PATENT NO. 9,335,123 ARE INVALID AND NOT INFRINGED**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Lightforce USA, Inc. d/b/a Nightforce Optics and Nightforce USA; and HVRT Corp. ("Plaintiffs") submit this surreply to rebut the claim construction and waiver arguments newly raised in defendant's reply brief, ECF 86.

## I.    PLAINTFFS HAVE NOT WAIVED THEIR RIGHT TO RELY ON THE 2004 AND 2006 DISCLOSURES

In its reply brief, defendant Leupold asserts for the first time that Plaintiffs "waived" and "forfeited" any right to rely on any prior disclosure supporting the '123 claims other than the 1997 specification. Leupold claims surprise, despite the meet and confer discussions which disputed the merit of the motion, and despite Plaintiffs' August 20, 2019 Interrogatory Response, which Leupold mischaracterizes as "say[ing] nothing about a new or alternative priority date." (ECF 86 at 19). That is not correct. In July, following the Claim Construction Order on claim terms that did not include '123 claim language such as "interrupted dot cross-hairs" (ECF 64), Leupold served Interrogatory 9 asking Plaintiffs to identify their support for when the '123 claims in suit were conceived and reduced to practice, and to identify any corroborating documents – i.e., any asserted priority dates for the '123 and support therefor. Plaintiffs responded in material part that "each Asserted Claim of the '123 patent was constructively reduced to practice upon the filing of U.S. patent application Ser. No. 08/986,458 filed 8 Dec. 1997, or in the alternative, was constructively reduced to practice upon the filing of International. patent application No. PCT/US2004/037947 filed 12 Nov. 2004."  In other words, Leupold asked "When?" and Nightforce responded "If not 1997, then 2004."  Plaintiffs expressly cited the same 2004 Disclosure that Plaintiffs' counsel again raised in the meet and confer on Leupold's motion. That intervening 2004 disclosure defeats Leupold's motion, because a reasonable jury could find that a person of skill in the art would understand it to disclose interrupted cross-hairs comprised of dots. Leupold's repeated allegation that this argument was raised for the first time in the opposition brief is incorrect.

Leupold counsel should also acknowledge, if asked, that when the parties met and conferred to discuss this motion before it was filed, undersigned counsel raised the argument that intervening disclosures at least raise a question of material fact. In its May claim construction order, the Court did not consider the "interrupted dot cross-hairs" claim language in the '123 patent claims, which the parties did not brief. In light of that claim construction ruling on terms from other patents in the case, however, Nightforce used its Interrogatory response to make expressly clear that it is relying on the 2004 Disclosure as well for purposes of the '123 patent.

Moreover, contrary to Leupold's argument in its Request for CMC that the Court's May 30 Scheduling Order "required that any amendment of this contention made after June 14, 2019 could be made only with "leave of court upon [a showing of] good cause" (ECF 87 at 1), the Scheduling Order entered at ECF 66 actually states that amendments may also be served without leave of court "if prompted by good faith change in light of claim construction ruling different from that sought by amending party."  ECF 64 was such a ruling.

## II.    DEFENDANT MISSTATES THE QUESTION AND THE PARTIES' BURDENS

Leupold has brought a motion to invalidate claims of a U.S. patent. Leupold therefore bears the burden of proof by clear and convincing evidence. 35 USC § 282. Plaintiffs bore a *Celotex* burden of production in response to this motion, which Plaintiffs have met by citing intrinsic evidence, corroborated by the testimony of an expert (Kevin Stockdill) who has decades of professional experience in the field. A reasonable jury could find that people of skill in the art reading the 2004 Disclosure would  agree that Dennis Sammut, the inventor of the '123 patent, was in possession of the claimed inventions – including the feature of interrupted cross hairs made of dots – no later than 2004, based on the cross-hairs illustrated in the figures and described in that disclosure's text.

### III. DEFENDANT MISCHARACTERIZES MATERIAL INTRINSIC EVIDENCE

The 2004 Disclosure provides clear written description support for the '123 claim term "interrupted dot cross-hairs," which the Court has not previously construed because Leupold had asserted the term was indefinite. (See ECF 34, Joint Claim Construction Chart at 2). In its reply, Leupold does not address the textual support for interrupted cross-hairs and the depictions in the figures of interrupted dot cross-hairs, but instead alleges for the first time that the row of dots shown in Fig, 51b of the 2004 Disclosure are "identification markings," which are "markings for identification of one or more of the cross-hairs." That row of dots cannot be an identification marking, however, because it does not identify a cross-hair; rather, it is one, replete with its own identification markings in the form of the numbers "13.5" on each end of the cross hair. Specifically, in Fig. 51b of the 2004 Disclosure, the secondary horizontal cross-hairs intersect the primary vertical cross-hair and are flanked by an identification markings. Where the marking is a number, like "13.5," it indicates the distance of that secondary cross-hair from the primary one. (The relevant portions of Fig 51b are reflected in Figs. 51ai and 51ah of the '123 patent, as diagrammed in Fig. 51v).

The annotation that Leupold added to its version of Fig. 51b obscures the "13.5" of the identification marking. (See ECF 86, page 12 of 25). Leupold also misquotes the text of the 2004 Disclosure in a way that changes its meaning. Leupold does this by using ellipses to merge pieces of different sentences together, and by adding bracketed words in a way that alters the syntax. In particular, Leupold quotes the 2004 Disclosure as stating that "[I]n Fig. 51b, reticles of the present invention comprise identification markings between cross-hairs …. [and] identification markings … comprising solid dots [that] vary in size." ECF 86 at p.12 of 25 (citing

"ECF 83-2 at p. 17, line 29 to p. 18, line 3, of 105"). The ellipses hide that this quote actually merges 4 separate sentences, which actually state in full:

> In other embodiments, as shown in Fig. 51b, reticles of the present invention comprise identification markings between cross-hairs. In one embodiment, as shown in Fig. 51a, identification markings are numbers. In other embodiments, as exemplified by Fig. 51c, identification markings are, for example, a letter, a word or symbol. As shown in Fig. 51b, identification markings in other embodiments comprising solid dots vary in size.

The last line states that the "identification markings" comprising dots "vary in size." The text does not say that the identification markings comprise "solid dots [that] vary in size." Leupold has literally rewritten the intrinsic evidence in an effort to support an erroneous reading of the asserted claims.

Each cross-hair of Fig. 51b is identified by an identification marking comprising a pair of dots and/or a pair of numbers flanking the cross-hair. As the cross-hairs increase in length, the distance between the dots/numbers of the identification marking increases, thereby increasing the size of the identification marking. For example, the identification marking (composed of two dots and two number 2's) flanking either side of the cross-hair 2 units from the primary horizontal is clearly smaller than the identification marking (composed of two dots and two number 8's) flanking either side of the cross-hair that is 8 units from the primary horizontal. The identification markings are of different sizes, not the dots that make up part of the identification marking.

In sum, what Leupold's reply brief calls a "row of dots" is not an identification marking but a cross-hair: it is not described as an identification marking, it does not serve to identify a different cross-hair, and it has its own identification markings (the numbers "13.5") which have no other purpose other than as identification markings for the interrupted dot cross-hair.

PLAINTIFFS' SURREPLY IN OPPOSITION TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT THAT THE ASSERTED
CLAIMS OF U.S. PATENT NO. 9,335,123 ARE INVALID AND NOT INFRINGED                4

In opposition, Leupold offers only unsupported aspersions against Nightforce, which are both false[1] and irrelevant. Leupold's false-facts history does nothing to change the intrinsic evidence adduced by Nightforce, detailing the support that a reasonable jury could rely upon to conclude that the inventor of the '123 patent was in possession of the interrupted cross-hair embodiment of his invention by no later than the end of 2004. Leupold's motion should therefore be denied.

January 9, 2020                                   Respectfully submitted,

                                                     By: /James E. Geringer/
                                                     Scott E. Davis, OSB No. 022883
                                                     scott.davis@klarquist.com
                                                   Todd M. Siegel, OSB No. 001049
                                                   todd.siegel@klarquist.com
                                                   James E. Geringer, OSB No. 951783
                                                   James.geringer@klarquist.com
                                                   KLARQUIST SPARKMAN, LLP

                                                   David A. Casimir, *pro hac vice*
                                                   Email: dacasimir@casimirjones.com
                                                   David W. Staple, *pro hac vice*
                                                   Email: dwstaple@casimirjones.com
                                                   CASIMIR JONES, S.C.

                                                   Attorneys for Plaintiffs
                                                   LIGHTFORCE USA, INC. and HVRT CORP.

---

[1] Nightforce counsel David Casimir was personally involved in the preparation of PCT/US2004/037947 with Mr. Sammut, who directed that the 2004 application include as a cross-hair the line of dots marked "13.5" in Fig. 51b.

MOTION FOR SUMMARY JUDGMENT THAT THE ASSERTED
CLAIMS OF U.S. PATENT NO. 9,335,123 ARE INVALID AND NOT INFRINGED     5