**Scott D. Eads,** OSB #910400
Email: seads@schwabe.com
**Jason A. Wrubleski**, OSB #120524
Email: jwrubleski@schwabe.com
SCHWABE, WILLIAMSON & WYATT, P.C.
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Facsimile: 503.796.2900

Attorneys for Defendant Leupold & Stevens, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **LIGHTFORCE USA, INC. d/b/a NIGHTFORCE OPTICS** and **NIGHTFORCE USA,** a Washington corporation, and **HVRT CORP.,** a Washington corporation, | No. 3:17-cv-01153-AC |
| Plaintiffs, | **LEUPOLD'S RESPONSE TO PLAINTIFFS' SUR-REPLY TO LEUPOLD'S MOTION FOR SUMMARY JUDGMENT [DKT NO. 72]** |
| vs. | |
| **LEUPOLD & STEVENS, INC.,** an Oregon corporation, | |
| Defendant. | |

LEUPOLD'S RESPONSE TO SUR-REPLY

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

Plaintiffs asserted a December 1997 priority date for the '123 patent claims right up to the moment they filed their opposition to Leupold's summary judgment motion. In their opposition, Plaintiffs conceded that the 1997 priority patent fails to provide written description support for "interrupted dot cross-hairs" and, for the first time, Plaintiffs purported to claim priority to a 2004 patent application. Plaintiffs argue that this 2004 application contains written description support for the "interrupted dot cross-hair" term that is present in all asserted claims of the '123 patent. Leupold responded to this new argument in its reply brief, debunking both arguments. Plaintiffs then sought leave to file, and subsequently filed, a sur-reply defending their written description contentions about the 2004 application and arguing that they had not waived the right to change their priority date contention. In their opposition and sur-reply, Plaintiffs repeatedly pointed to **Fig. 51b** of the 2004 application, arguing that it shows an "interrupted dot cross-hair." Plaintiffs concede, however, that the phrase "interrupted dot cross-hair" appears *nowhere* in the 2004 or 2006 patent references.

## I.    The 2004 Application Makes Clear That the Dots in Fig. 51b are "Identification Markings," and that "Identification Markings" are Not "Cross-Hairs"

This argument boils down to whether the dots in Figure 51b are "identification markings" or "cross-hairs." The specification makes clear that identification markings and cross-hairs are distinct and different features -- a point that Plaintiffs do not dispute in their sur-reply. [Dkt. 86 at 11 of 25.] Plaintiffs take the position that the row of dots in Fig. 51b is a "cross-hair" and not "identification markings," and argue that a reasonable jury could agree. However, the specification of the 2004 application ***directly contradicts*** Plaintiffs' new argument, making clear beyond any reasonable dispute that the dots in Fig. 51b are identification markings. This contradiction summarily defeats Plaintiffs' attempt to claim priority to the 2004 patent application.

The critical flaw in Plaintiffs' argument is exposed in a section of the 2004 specification that contrasts Figs. 51a and 51b:

> As shown in **Fig. 51a**, identification markings in some embodiments comprise solid dots. As shown in **Fig. 51b**, identification markings in *other* embodiments comprising solid dots ***vary in size***.

[Dkt. 83-2 at 18 of 105, ll. 1-3] (emphases added).

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

Plaintiffs attempt to conform their argument to this disclosure by re-defining "identification marking" to include "the distance between two dots on either side of a cross-hair." (Sur-reply [Dkt. 93] at 4). Plaintiffs then argue that the identification markings of Fig. 51b -- defined that way -- "vary in size." Plaintiffs' version of these different-sized identification markings is depicted below:



FIG. 51b

The fatal flaw in Plaintiffs' argument is that, viewed this way, the "identification markings" of Fig. 51a "vary in size" in exactly the same manner:



FIG. 51a

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

Applying Plaintiffs' definition of "identification marking" thus destroys the specific contrast the specification draws between Figs. 51a and 51b, in which Fig. 51b has identification markings that vary in size and Fig. 51a does not. (*Supra* at 1.) Under Plaintiffs' interpretation --which is notably unsupported in the sur-reply by ***any citation*** to the specification -- the identification markings of both Figs. 51a and 51b "vary in size." That cannot be right. Indeed, Plaintiffs' new definition of "identification marking" is too clever by half. There is no plausible reason to believe that "an identification marking" encompasses a pair of dots and the variety of possible markings between them (dots, cross-hairs, hash marks, etc.), as Plaintiffs now contend.  It is a litigation-inspired argument that makes no sense.

On the other hand, the specification confirms Leupold's position that the row of dots in Fig. 51b are identification markings. That is because there are two different sizes of dots in Fig. 51b and only one size of dots in Fig. 51a.  This is depicted in the annotated figures below:



Just as stated in the specification, Fig. 51a has "identification markings compris[ing] solid dots" (circled in blue), and Fig. 51b has "identification markings … comprising solid dots [that] vary in size." (circled in blue and red). Leupold's position is thus consistent with the contrast between Figs. 51a and 51b that is drawn in the specification, and Plaintiffs' plainly is not. [Dkt. 83-2 at 95-96 of

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

105] (*See* Appendix A attached hereto, with further enlarged, annotated images of Figs. 51a and 51b for ease of viewing).[1]

No reasonable jury could accept Plaintiffs' interpretation that is contradicted by an express description of Figs. 51a and 51b in the patent specification. *See, e.g., In re Katz Interactive Call Processing Litig.*, 2008 U.S. Dist. LEXIS 129953, *153 (C.D. Cal. June 19, 2008) (granting summary judgment for lack of written description where plaintiff's "interpretation leads to a result that is directly contradicted by the plain words of the… specification"). Because the "interrupted dot cross-hair" term finds no support in the 2004 or 2006 references relied on by Plaintiffs, the asserted claims of the '123 patent should be accorded their *presumptive* priority date of January 14, 2014. *E.g. UCB, Inc. v. Watson Labs. Inc.*, 927 F.3d 1272, 1289 n. 14 (Fed. Cir. 2019). As Plaintiffs have conceded, with that priority date, the '123 patent claims are invalid as anticipated by Leupold's U.S. Patent No. D703,783 and the Shooter.com publication. [Dkt. 86 at 20-21 of 25.]

## II.    Plaintiffs Waived the Right to Assert the 2004 Priority Date

The arguments against waiver made in Plaintiffs' sur-reply are incorrect. This Court's Scheduling Order was clear: if Plaintiffs lost on claim construction, they could amend their priority date contentions by no later than June 14, 2019, without seeking leave of court to amend, or making a showing of good cause. [Dkt. 66]. Any amendment after that date required a motion for leave and a showing of good cause. *Id*. Plaintiffs lost claim construction and, as was their right, filed final contentions on June 14, 2019. In those final contentions, Plaintiffs alleged as follows: "Plaintiffs submit that *all asserted claims of the '123 patent are entitled to a priority date of December 8, 1997*." [Dkt. 76 at 5-6 of 325] (emphasis added). It is undisputed that Plaintiffs never sought leave to amend this final priority date contention, or to make a showing of good cause as required by the Court's Scheduling Order. This failure should be dispositive; Plaintiffs have forfeited the right to

---

[1] As discussed in Leupold's opposition to Plaintiffs' motion for leave to file sur-reply, Fig. 49 of the 2004 application shows that "identification markings" may comprise a horizontal row of dots and numbers identifying specific locations on cross-hairs above or below the identification markings. [Dkt. 89 at 5-6 of 8.]

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

change their priority date contention from 1997 to 2004 or 2006. [Dkt. 86 at 11-16].

Plaintiffs falsely contend that they notified Leupold of their new contention in an interrogatory response filed in August 2019, and in the conferral on Leupold's motion in November 2019. This too is incorrect. First, to their credit, Plaintiffs do not erroneously claim to have notified Leupold of an intention to change their **priority date contention** in an interrogatory response. They did not. Plaintiffs instead refer to an interrogatory response confirming "conception" occurred by no later than 1997, and further alleging "reductions to practice" in 1997 or 2004. [Dkt. 89 at 7 of 8]. These do not identify any amendment to Plaintiffs' priority date contention. Plaintiffs also attempt to rely on a conferral that occurred in the days before Leupold filed its summary judgment motion. *Id.* at 1-2. But, again, there is no contention that Plaintiffs notified Leupold that they wanted to amend their priority date contention – and they did not. The proper course was clear – if Plaintiffs wanted to change their priority date contention after June 14, 2019, they needed to file a motion for leave stating so, and attempt to make the necessary showing of good cause for the late amendment. But Plaintiffs did none of that. So, for all of the reasons outlined in Leupold's Reply in Support of Summary Judgment Motion (Dkt. 86 at 11-16), Plaintiffs have irretrievably forfeited the right to rely on a different priority date now in their 11th hour effort to avoid invalidity.

## III.    Conclusion

The evidence suggests that Plaintiffs added the "interrupted dot cross-hair" term to the '123 patent claims in an effort to falsely claim Leupold's Impact-style reticles as their own. The term had not appeared in *any* of Plaintiffs' prior patents, and was added to the '123 application claims only after named inventor Sammut saw a publication depicting Leupold's new Impact design. The arguments raised in Plaintiffs' sur-reply fail to save its claims from invalidity. Plaintiffs have waived any right to change their priority date contention in response to Leupold's motion. Even putting that aside, their claim to written description support in the 2004 or 2006 patent references is contradicted by an express disclosure in those references. Leupold respectfully submits that its motion for summary judgment of invalidity should be granted as to all asserted claims of the '123 patent.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

Dated this 23rd day of January, 2020.

> Respectfully submitted,
>
> SCHWABE, WILLIAMSON & WYATT, P.C.
>
>
> By: ___*s/ Scott D. Eads*_____
>       Scott D. Eads, OSB #910400
>       Jason A. Wrubleski, OSB #120524
>       Telephone: 503.222.9981
>       Facsimile: 503.796.2900
>
>       Of Attorneys for Defendant
>       Leupold & Stevens, Inc.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

## APPENDIX A

**I.    Correct Interpretation of Figs. 51a and 51b [ECF 83-2 at 95-96 of 105]**



FIG. 51a

"identification markings in some embodiments comprise solid dots"

*FIG. 51b*



"identification markings in *other* embodiments comprising solid dots *vary in size*"

dots size one

dots size two

**II.    Plaintiffs' Interpretation of Figs. 51a and 51b [ECF 83-2 at 95-96 of 105]**



FIG. 51a

*FIG. 51b*

