UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

LIGHTFORCE USA, INC. d/b/a/
NIGHTFORCE OPTICS and NIGHTFORCE
USA; and HVRT CORP.,

Case No. 3:17-cv-01153-AC

OPINION AND ORDER

Plaintiffs,

v.

LEUPOLD & STEVENS, INC.,

Defendant.

ACOSTA, Magistrate Judge:

*Introduction*

Plaintiffs HVRT and Lightforce USA, Inc., d/b/a Nightforce Optics and Nightforce USA

("Lightforce") (collectively "Plaintiffs") filed this patent case alleging defendant Leupold &

Stevens, Inc. ("Leupold"), is infringing on various patents owned by HVRT and licensed by

Lightforce.  Leupold moves for summary judgment against Plaintiffs' claims based on United

PAGE 1 – OPINION AND ORDER

States Patent No. 9,335,123, filed January 15, 2014, and entitled *Apparatus and Method for Aiming Point Calculation* (the "'123 Patent").[1]

The court finds Plaintiffs' failed to timely identify new priority dates for the '123 Patent or show good cause for the delay in doing so and, consequently, waived the right to rely on the new priority dates. Based on the two possible priority dates for the '123 Patent, the alleged accused products do not infringe on the '123 Patent under a prior claim construction ruling or the "123 Patent is invalid as anticipated by prior art. Accordingly, Leupold's motion for summary judgment is granted.[2]

## Background

The '123 Patent, as well as other patents-in-suit identified in the First Amended Complaint filed October 10, 2017 (the "Complaint"), disclose a gunsight reticle containing primary and secondary cross-hairs, as well as other markings, intended to aid shooters in determining the proper aiming point. The parties filed a Joint Rule 26(f) Report and Discovery Plan on November 7, 2017 (the "Report"). In the Report, the parties offered proposed deadlines for, in part, Plaintiffs' disclosure of asserted claims and infringement contentions,[3] Leupold's disclosure of invalidity and non-infringement contentions, and the parties' simultaneous disclosure of proposed lists of claim terms for construction, proposed construction of such terms, and citations to all intrinsic and extrinsic evidence supporting each construction. (Joint Rule 26(f) Report and Discovery Plan, ECF No. 25 ("Report"), at 10-11.) The Report specifically provided the "Disclosure of Asserted

---

[1] The '123 Patent is Exhibit F to the First Amended Complaint, ECF No. 20-6.

[2] The parties have consented to jurisdiction by magistrate judge in accordance with 28 U.S.C. § 636(c)(1).

[3] Plaintiffs served Leupold with detailed infringement claim charts with the Complaint. (Report at 10 n.2.) The court was not provided with these charts.

PAGE 2 – OPINION AND ORDER

Claims and Infringement Contentions (and any amendments thereto) shall contain . . . [f]or any patent that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled." (Report at 16.)

At a November 8, 2017 Rule 16 conference, the court set a January 8, 2018 deadline for disclosure of Leupold's invalidity and non-infringement contentions and a May 4, 2018 deadline for the simultaneous disclosure of "proposed constructions and citations to all intrinsic and extrinsic evidence supporting each proposed construction" and "service of extrinsic evidence including the service of expert or factual declarations in support of each party's position on claim construction." (Order dated November 16, 2017, ECF No. 28 ("Order"), at 2.) The court also set a deadline for Plaintiffs to amend their disclosure of asserted claims and infringement contentions thirty days after the court rules on claim construction, and advised the parties: "amendments may be served without leave of court only if prompted by a food faith change in light of claim construction ruling different from that sought by amending party; any other amendment or amendment at another time requires leave of court upon good cause." (Order at 3.)

Plaintiffs responded to Leupold's Second Set of Interrogatories in a document dated February 9, 2018. (Eads Decl. dated December 28, 2018, ECF No. 54, Ex. K.) Leupold asked Plaintiffs to identify the priority date for each asserted claim and the factual basis for that contention. (Eads Decl. Ex. K at 2.) Plaintiffs responded:

> Plaintiffs object to the Interrogatory as requiring a legal conclusion. Plaintiffs understand and respond to this Interrogatory as requesting information about the earliest effective filing date to which each Asserted Claim is entitled pursuant to 35 U.S.C. §§ 119-120. Plaintiffs do not understand "priority date" to include information about invention, conception or reduction to practice dates – which information is not included in this response.

PAGE 3 – OPINION AND ORDER

Subject to the foregoing general and specific objections, and without waiving such objections, Plaintiffs respond that all 18 representative claims of the patents-in-suit are entitled to a priority date of December 8, 1997, the filing date of U.S. App. No. 08/986,458 (U.S. Pat. No. 5,920,995), to which each of the patents-in-suit claims priority. Exemplary factual bases for the support of the representative claims in the priority document are set forth in Appendices A-D; additional support within the priority documents is also apparent from a reading thereof. Plaintiffs reserve the right to supplement this answer.

(Eads Decl. Ex. K at 2-3.)

On July 13, 2018, the parties filed their Joint Claim Construction Chart (the "Chart") addressing various terms in the '123 Patent[4] as well as other patents identified as infringed in the Complaint, which include United States Patent No. 6,453,595, filed March 6, 2000, entitled *Gunsight and Reticle Therefor* (the "'595 Patent");[5] United States Patent No. 8,707,608, filed July 30, 2012, entitled *Apparatus and Method for Calculating Aiming Point Information* (the "'608 Patent");[6] and United States Patent No. 8,966,806, filed September 12, 2012, entitled *Apparatus and Method for Calculating Aiming Point Information* (the "'806 Patent").[7]    (Joint Claim Construction Chart, ECF No. 34 ("Chart").)    Leupold identified United States Patent No. 5,920,995, filed December 8, 1997, entitled *Gunsight and Reticle Therefor* (the "'995 Patent"),[8] the patent on which Plaintiffs based their priority date, as intrinsic evidence on which they relied in support of their proposed construction of various terms in the '595 Patent, '608 Patent, '806 Patent, and '123 Patent (collectively "Patents"). (Chart, Ex. A.)

\ \ \ \ \

---

[4] Leupold alleged many of the terms in the '123 Patent are indefinite and the parties agreed to defer construction of the indefinite terms to a later date.
[5] The '595 Patent is Exhibit A to the First Amended Complaint, ECF No. 20-1.
[6] The '608 Patent is Exhibit D to the First Amended Complaint, ECF No. 20-4.
[7] The '806 Patent is Exhibit E to the First Amended Complaint, ECF No. 20-5.
[8] The '995 Patent is Exhibit L to the Eads Declaration, ECF No. 54-1 at 23-37.

PAGE 4 – OPINION AND ORDER

The parties filed simultaneous claim construction briefs on September 14, 2018. Plaintiffs did not address the issue of the priority dates for the Patents in their opening brief but Leupold did, specifically indicating "the parties presently agree that the claims of three of the four asserted patents are entitled to a December 8, 1997 priority date," which correlated to the filing date of the '995 Patent and was consistent with Plaintiff's interrogatory response. (Def.'s Corrected Opening Claim Construction Brief, ECF No. 42 ("Def.'s Brief"), at 4.) Leupold then described the parties' disagreement over the priority date of the '123 Patent:

> However, the parties dispute the priority date for the fourth patent [the '123 Patent]. Plaintiffs contend they are entitled to backdate the fourth patent to the same December 8, 1997 priority date as the first three patents. Leupold disagrees. Leupold contends that the priority date of this fourth patent can be no earlier than the January 15, 2014, filing date of that patent. This priority date dispute leads to related disputes over the meaning of claim terms used in the fourth patent. Leupold contends that a number of the terms used in the claims of the fourth patent are "indefinite," rendering those patent claims invalid. Leupold also asserts that claims of the fourth patent are invalid over prior art dated before the January 15, 2014 priority date for that patent, including a design patent application filed by Leupold in 2012. For sake of efficiency, the parties have agreed to defer this priority date dispute, and related invalidity disputes, for a later time.

(Def.'s Brief at 5.)

Plaintiffs did not contest Leupold's representations or otherwise address the priority dates of the Patents in their responsive pleadings, while Leupold again referenced Plaintiffs' assertion the priority date for the Patents is the 1997 filing date of the '995 Patent. (Def.'s Responsive Claim Construction Brief, ECF No. 44 ("Def.'s Resp."), at 5 n.1.) Leupold then asserted Plaintiffs' reliance on disclosures of the '806 Patent in support of their construction of a specific term was inconsistent with, and voided, their assertion of a 1997 priority date for the Patents. (Def.'s Resp. at 5 n.1.) In light of this dispute, and the parties' respective positions at oral argument, the court asked the parties to filed supplemental briefs addressing the priority date issue.

In their supplemental brief, Plaintiffs contended they are not limited to the disclosure of the senior-most priority patent to support their proposed claim construction. (Pls.' Supplemental Brief Re Claim Construction, ECF No. 52 ("Pls.' Supp."), at 1.) Plaintiffs contend Federal Circuit precedent provides that the specification of a continuation-in-part ("CIP") patent is relevant to claim construction even when the CIP patent is entitled to priority based on an earlier-filed application with a more limited specification. (Pls.' Supp. at 3-4.) Plaintiffs also note the priority statements and specifications of the Patents establish "the latest-added material was introduced by way of applications filed in 2000 ('595 patent), 2003 ('608 and '806 patents), and 2004 ('123 patent), respectively," and they assert Leupold did not present evidence "that a person of skill in the art would have had a different understanding of any of the claim terms in question in 2004 versus 1997." (Pls.' Supp. at 2-3.)

Leupold argued the priority date for a CIP patent is contingent on the incorporation of new matter into the asserted claims. (Def.'s Supplemental Claim Construction Memorandum, ECF No. 53 ("Def.'s Supp.") at 2.) It asserted that if no new matter is included, the priority date is the filing date of the parent application, but if new matter is incorporated, the priority date is the filing date of the later-filed CIP application. (Def.'s Supp. at 2.)

In an Opinion and Order dated May 15, 2019, the court agreed with Leupold on the issue of construction of common terms in subsequent CIP applications. *Lightforce USA, Inc. v. Leupold & Stevens, Inc.*, Case No. 17-cv-01153, 2019 WL 2146245 (D. Or. May 15, 2019). The court found new matter, which it defined as "subject matter not included in the original specification, claims, or drawings, of a patent application," should not be used to construe claim terms, even common claim terms, in the parent application. *Id.* at *5. Additionally, the court acknowledged:

> Claims in a continuation-in-part application which are supported by the disclosure of the original application obtain the benefit of the filing date of the original application. However, claims in a continuation-in-part application which must rely for support on the additional disclosure in the continuation-in-part application are only entitled to the filing date of the continuation-in-part application, not the filing date of the original application. The difference in filing dates means that there may be art which is prior art as to claims which require the additional disclosure for support but which is not prior art as to claims supported by the original disclosure.

*Id.* at *6 (quoting *In the Matter of Certain Rubber Antidegrandants*, USITC Inv. No. 337-TA-533, 2008 WL 1727623, at *25 n.6 (ITC April 1, 2008). The court then construed various terms found in the Patents, some of which were contrary to Plaintiffs' proposed construction of such terms. As there was no dispute over the priority date of the Patents then before the court, it did not address that issue.

At a May 30, 2019 scheduling conference, the court ordered Plaintiffs to serve amendments to their previous disclosure of asserted claims and infringement contentions with supplemental document production, if any, on or before June 14, 2019. (Minute Order dated May 30, 2019, ECF No. 66 ("Minute Order")). The court again cautioned that "amendments may be served without leave of court only if prompted by good faith change in light of claim construction ruling different from that sought by amending party; any other amendment or amendment at another time requires leave of court upon good cause." (Minute Order.)

In their Second Supplemental Infringement Contentions dated June 14, 2019, Plaintiffs acknowledged their obligation to provide the priority date for the "'123 Patent on which Plaintiffs relied and again identified the 1997 application date of the '995 Patent. (Wrubelski Decl. dated October 8, 2019, ECF No. 76, Ex. 1.) Plaintiffs specifically provided:

\ \ \ \ \

\ \ \ \ \

PAGE 7 – OPINION AND ORDER

## 2. Priority Dates of Asserted Claims

Appendix A, part (f), of the Joint Rule 26(f) Report and Discovery Plan states that "[t]he Disclosure of Asserted Claims and Infringement Contentions (and any amendments thereto) shall contain . . . [f]or any patent that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled."

Plaintiffs submit that all asserted claims of the '123 Patent are entitled to a priority date of December 8, 1997.

(Wrubelski Decl. Ex. A at 1-2.)

Thereafter, Plaintiffs joined with Leupold in filing a motion for consent judgment on August 21, 2019. On August 26, 2019, the court entered the proffered consent judgment in which Plaintiffs conceded, based on the court's recent construction of the terms at issue, the alleged accusing products do not infringe on any of the asserted claims of the '595 Patent, '608 Patent, or '806 Patent, but with leave to appeal construction of the terms once Plaintiffs' claims based on the '123 Patent were resolved.

Leupold then filed this motion for summary judgment in which it argued the proper priority date for the '123 Patent is the January 15, 2014 application date of the '123 Patent, not the 1997 priority date claimed by Plaintiffs and, thus, the '123 Patent is invalid as anticipated by multiple prior art references. Assuming Plaintiffs' claimed 1997 priority date for the '123 Patent is accepted, Leupold contends the accused products do not infringe the asserted claims. Finally, Leupold posits the '123 Patent is invalid for failure to satisfy the written description requirement.

In response, Plaintiffs claim for the first time a different priority date for the '123 Patent and their asserted claims. Specifically, Plaintiffs contend the proper priority date for the '123 Patent is either 2004, based on U.S. application 10/579,199 filed under the Patent Cooperation Treaty under application number PCT/US2004/037947, and published as International Pub. No.

PAGE 8 – OPINION AND ORDER

WO 2005/047805 A2 (the "2004 Disclosure"), or 2006, based on U.S. application 11/389,723, filed March 27, 2006, and published as US 2007/0044364 A1 (the "2006 Disclosure"). Plaintiffs assert the claim terms at issue in the '123 Patent – "intersecting" and "interrupted dot cross hairs" – were disclosed in the 2004 Disclosure or the 2006 Disclosure and are entitled to a commensurate priority date.

Leupold asserts Plaintiffs waived their right to rely on any priority date other than the December 8, 1997 date based on representations to Leupold and the court, failure to timely identify the new priority dates, and failure to seek good cause to amend. Alternatively, Leupold argues the term "interrupted dot cross hair" does not appear in the written specifications of the 2004 Disclosure and the 2006 Disclosure and, therefore, cannot provide a valid priority date.

### Legal Standard

Summary judgment is appropriate where the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a) (2019). Summary judgment is not proper if material factual issues exist for trial. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995).

The moving party has the burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. *Id.* at 324. A nonmoving party cannot defeat summary judgment by relying on the allegations in the complaint, or with unsupported conjecture or conclusory statements. *Hernandez v. Spacelabs Medical, Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003). Thus, summary judgment should be entered against "a party who fails to make a showing

PAGE 9 – OPINION AND ORDER

sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

The court must view the evidence in the light most favorable to the nonmoving party. *Bell v. Cameron Meadows Land Co.*, 669 F.2d 1278, 1284 (9th Cir. 1982). All reasonable doubt as to the existence of a genuine issue of fact should be resolved against the moving party. *Hector v. Wiens*, 533 F.2d 429, 432 (9th Cir. 1976). Where different ultimate inferences may be drawn, summary judgment is inappropriate. *Sankovich v. Life Ins. Co. of North America*, 638 F.2d 136, 140 (9th Cir. 1981).

However, deference to the nonmoving party has limits. A party asserting that a fact cannot be true or is genuinely disputed must support the assertion with admissible evidence. FED. R. CIV. P. 56(c) (2019). The "mere existence of a scintilla of evidence in support of the [party's] position [is] insufficient." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Therefore, where "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotations marks omitted).

*Discussion*

Plaintiffs consistently and unequivocally identified the December 8, 1997 application date of the '995 Patent as the priority date for the '123 Patent until at least August 2019. Leupold argues Plaintiffs' failure to inform them and the court of their intent to assert a different priority date in a timely and appropriate manner served to waive their right to assert a new priority date. Leupold cites cases in which a party failed to follow a local patent rule that allowed for amendments of infringement contentions "only by order of the Court upon a timely showing of

PAGE 10 – OPINION AND ORDER

good cause." *See Rice v. Mercedes-Benz USA, LLC*, Civil Action No. 2:15-cv-00904-RAJ, 2016 WL 5844386, at *2 (W.D. Wa. Sept. 9, 2016); *Richtek Tech. Corp. v. uPI Semiconductor Corp.*, No. C 09-05659 WHA, 2016 WL 4269095, at *1 (N.D. Cal. August 15, 2016). The Oregon District Court has not adopted local patent rules, but in this case the court expressly informed the parties – on two separate occasions – that any amendments to the infringement contentions not prompted by the court's claim construction and filed within the time provided, "requires leave of court upon good cause." (*See* Order at 3; Minute Order.) This specific order is substantially similar to the relevant language of the local patent rules at issue in the cited cases, and the cases construing those rules are instructive here.[9]

Plaintiffs argue they were entitled to rely on the 2004 Disclosure and the 2006 Disclosure for priority dates based on the express language of the Minute Order issued following the May 30, 2019 conference, which directed Plaintiffs to amend their disclosure of asserted claims and infringement contentions on or before June 14, 2019. The Minute Order also expressly informed the parties that "amendments may be served without leave of court only if prompted by good faith change in light of claim construction ruling different from that sought by amending party; any other amendment or amendment at another time requires leave of court upon good cause." Thus, amendments due on or before June 14, 2019, were limited to changes prompted by a claim construction ruling different than that sought by the amending party. In other words, Plaintiffs

---

[9] Plaintiffs themselves expressed a desire that: "Where not inconsistent with the items described, the Local Patent Rules of the United States District Court for the Western District of Washington shall provide guidance regarding the content and scope of the disclosures and contentions specified herein." (Report at 10.)

PAGE 11 – OPINION AND ORDER

could amend their asserted claims and infringement contentions in response to the court's claim construction ruling on or before June 14, 2019.

In accordance with the Minute Order, Plaintiffs served Leupold with second supplemental infringement contentions on June 14, 2019, an act suggesting Plaintiffs properly interpreted the Minute Order's requirements. In the second supplemental infringement contentions, Plaintiffs again represented the '123 Patent was entitled to a 1997 priority date based on the '995 Patent. This representation implies Plaintiffs did not have a good faith reason to alter their asserted priority date based on the court's claim construction rulings. For any amendment not justified by the court's claim construction ruling, then, and any amendment made after June 14, 2019, Plaintiffs were required to seek leave of court and prove such amendments were made in good faith. Plaintiffs did not amend the asserted priority date for the '123 Patent prior to June 14, 2019, and, consequently, they must show good cause for their change of the priority date on which they repeatedly and consistently relied.

When considering whether good cause to amend infringement contentions exists, district courts generally apply a two-part test. *See Rice*, 2016 WL 5844386, at *2. First, the court must examine the diligence of the moving party in seeking the amendment. *Id.* In applying this part of the test, the court should consider whether the amendment is the result of a contrary claim construction or recent discovery of material prior art or non-public information about the accused devise despite diligent efforts. *Id.* If the moving party demonstrates diligence in seeking the amendment, the court then examines the prejudice that might result to the opposing party. *Id.* As previously stated, this court's Minute Order effectively imposed upon Plaintiffs an obligation regarding amendments similar to that imposed by the local patent rules in force in other federal

PAGE 12 – OPINION AND ORDER

districts. The Federal Circuit has acknowledged local patent rules were "designed specifically to 'require parties to crystallize their theories of the case early in the litigation' so as to 'prevent the "shifting sands" approach to claim construction.'" *O2 Micro Int'l Ltd. v. Monolithic Power Systems, Inc.* 467 F.3d 1355, 1364 (Fed. Cir. 2006) (quoting *Atmel Corp. v. Info. Storage Devices, Inc.*, No. C 95–1987 FMS, 1998 WL 775115, at *2 (N.D. Cal. 1998)).

Plaintiffs contend they identified the November 12, 2004 filing date of the 2004 Disclosure as an alternate date on which "each Asserted Claim of the '123 patent was constructively reduced to practice" in their "August 20, 2019 Interrogatory Response," and that such response "asserted priority dates for the '123 [Patent]." (Pls.' Supp. at 1.) Plaintiffs did not offer their "August 20, 2019 Interrogatory Response" as evidence, however, and Leupold offered excerpts of Plaintiffs' Response to Leupold's Third Set of Interrogatories (Nos. 9-15), dated August 30, 2019, but the excerpts did not include material related to "Interrogatory 9" to which Plaintiffs refer. Consequently, Plaintiffs' argument that they disclosed a 2004 priority date to Leupold in August 2019 is not supported by any admissible evidence. Even assuming admissible record evidence supported Plaintiffs' response to the interrogatory, the response specifically addresses a reduction to practice, not a priority date. Moreover, the admissible evidence in the record establishes the response was served on August 30, 2019, well after the June 14, 2019 deadline for amendments to infringement contentions.[10]

Here, Plaintiffs do not, and could not, establish good cause for the failure to amend their priority date. Plaintiffs assert: "There can be no dispute that the '123 Patent claims priority to

[10] Plaintiffs also suggest they informed Leupold of their intent to rely on different priority dates during the meet-and-confer discussions on Leupold's motion for summary judgment. This alleged disclosure also is unsupported by admissible evidence and, in any event, untimely.

PAGE 13 – OPINION AND ORDER

both the 2004 Disclosure and the 2006 Disclosure. The '123 Patent says so on its face." (Pls.'
Opp'n to Def.'s Mot. for Summ. J. ECF no. 81 ("Opp'n), at 3.) Plaintiffs clearly had knowledge
of the 2004 Disclosure and the 2006 Disclosure, and the '123 Patents reference to such disclosures,
as of the date they filed this lawsuit. If the court's May 15, 2019 claim construction rulings
prompted Plaintiffs' decision to rely on the later dated disclosures, then Plaintiffs were required to
amend their infringement contentions on or before June 14, 2019. They did not; instead, they
again identified the December 8, 1997 application date of the '995 Patent as the sole claimed
priority date for the '123 Patent in the amended infringement contentions. Consequently, Plaintiffs
lack good cause to now change, for the first time here on summary judgment, the priority date for
the '123 Patent, and they have waived their right to rely on any date other than December 8, 1997,
as the priority date for the '123 Patent.

This finding is consistent with courts that have considered good cause under local patent
rules. The Western District of Washington found plaintiffs failed to establish good cause for the
delay between finding a VHS tape on which the plaintiffs relied in amending priority dates, and
the date on which the plaintiffs notified defendant of the amendment. *Rice*, 2016 WL 5844386, at
*4. There, plaintiffs initiated the infringement action on June 5, 2015, submitted their preliminary
infringement contentions on December 18, 2015, in accordance with a court order, and then
amended the contentions, as well as the priority date, on February 5, 2016. *Id.* at *1-*2. The
amended priority date was based on a tape that plaintiff found and viewed in August 2015, four
months before the initial infringement contentions were submitted. *Id.* at *2. The court found the
plaintiff's failure to discover the relevance of the VHS tape in a timely manner and to identify the

PAGE 14 – OPINION AND ORDER

proper priority date before filing the initial contentions "warrant striking the amended priority date for lack of diligence." *Id.* at *4.

The Northern District of California held, in a case substantially similar to the case here, that a plaintiff's decision to identify a specific priority date when the face of the patent-at-issue disclosed alternative priority dates prevented the plaintiff from later amending the priority date. *Collaborative Agreements, LLC v. Adobe Systems Inc.*, Case No. 15-cv-03853-EMC, 2016 WL 1461487 (N.D. Cal. April 14, 2016). In *Collaborative*, the plaintiffs asserted an effective filing date of no later than April 2, 2002, in their January 4, 2016 initial infringement contentions. *Id.* at * 2. This priority date relied on the filing date of a provisional application identified on the first page of the patent-at-issue in a section entitled "Related U.S. Application Data," which also identified four other patent applications with other filing dates. *Id.* at *2. The defendants filed a motion for summary adjudication, arguing the presumptive priority for the patent-at-issue was the filing date of the application – November 1, 2011 – and the accused product was in use prior to that date, thereby defeating any infringement claim. *Id.* at *1. When faced with the defendants' contentions that the provisional application they relied on did not disclose all of the elements of the invention claimed in the patent-at-issue, the plaintiffs argued the elements were present in the other applications identified in the patent-at-issue and that the defendants were aware of these applications, based on the filing of a copy of the patent-at-issue. *Id.* at *3.

The court rejected the plaintiff's contentions, noting the "main purpose of the discovery-related Patent Local Rules is to get the parties to commit to positions early on in the litigation and stick to them absent good cause." *Id.* The court reasoned that even though the defendants knew from the face of the patent the plaintiff could have claimed a priority date based on any of the

PAGE 15 – OPINION AND ORDER

identified related applications, the plaintiff's infringement contentions made clear which application it intended to rely on. *Id.* The court then addressed the question of good faith and concluded that "this case is easily resolved based on the diligence factor. More specifically, [the plaintiff] has entirely failed to show diligence because it had all the information at its disposal at the outset of this litigation but failed to include the information in its infringement contentions." *Id.* Accordingly, the court denied plaintiff's request to amend its infringement contentions to assert a new priority date, finding it "failed to establish good cause for any amendment." *Id.* at *7.

Finally, Chief Judge Marco Hernandez of this district, in adopting and applying the Northern District of California's Patent Local Rules for use in a specific case, denied the plaintiffs' attempt to amend their infringement contentions. *Tabaian v. Intel Corp.*, No. 3:18-cv-00326-HZ, 2019 WL 1435816 (D. Or. March 29, 2019). Chief Judge Hernandez compared the "liberal policy" for amending pleadings to the "decidedly conservative" philosophy behind the amendment of infringement contentions in a patent case, and acknowledged the "default presumption is that a party's [preliminary infringement contentions] shall be deemed that party's final contentions." *Id.* at *2 (quoting *Townshend Intellectual Prop. L.L.C. v. Broadcom Corp.*, No. C06-05118 JFRS, 2007 WL 1994158, at *3 (N.D. Cal. July 5, 2007)). Chief Judge Hernandez denied the plaintiffs' request to amend their infringement contentions based on their "failure to demonstrate good cause before filing their amended chart of contentions," the improper assertion of the good cause arguments for the first time in a reply brief, the eight-months spent in discovery, the close of discovery, and the fast-approaching claim-construction hearing date. *Tabaian*, 2019 WL 1435816 at *3.

\ \ \ \ \

PAGE 16 – OPINION AND ORDER

The court finds Plaintiffs have failed to show the good cause required to amend the priority date for the '123 Patent. Consequently, the priority date for the '123 Patent is either the December 8, 1997 application date of the '995 Patent or the January 14, 2014 filing of the application of the '123 Patent.

If the December 8, 1997 priority date applies, the court must construe the '123 Patent consistent with the other patents that rely on the same priority date and ignore any new matter contained in the '123 Patent. Plaintiffs concede the court's prior claim construction rulings defeat their infringement claim for the other patents-at-issue; necessarily, they also would have to admit a similar lack of infringement with regard to the '123 Patent. This conclusion is supported by Plaintiffs' statement in their opposition brief that: "For the purposes of this motion, and consistent with the Stipulated Consent Judgment this court entered after claim construction, Plaintiffs (while preserving all rights to appeal) concede that a person of skill in the art reading Mr. Sammut's December 8, 1997 disclosure in 1997 would have understood the word 'cross-hair' to mean 'a continuous line in a reticle that intersects at least a second continuous line to create an aiming point.'" (Opp'n at 16.) If, however, the January 14, 2014 priority date applies, then by relying solely on the 2004 Disclosure and the 2006 Disclosure in opposition to Leupold's prior art argument, Plaintiffs failed to contest, and impliedly concede, that the '123 Patent is invalid as anticipated by prior art identified by Leupold in its motion for summary judgment.

\\\\\
\\\\\
\\\\\
\\\\\

PAGE 17 – OPINION AND ORDER

*Conclusion*

Leupold's motion for summary judgment on Plaintiffs' claims of infringement of the '123

Patent is GRANTED.

DATED this 24th day of September, 2020.

JOHN V. ACOSTA
United States Magistrate Judge

PAGE 18 – OPINION AND ORDER