UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| LIGHTFORCE USA, INC. d/b/a/ NIGHTFORCE OPTICS and NIGHTFORCE USA; and HVRT CORP., | Case No. 3:17-cv-01153-AC OPINION AND ORDER |
| Plaintiffs, | |
| v. | |
| LEUPOLD & STEVENS, INC., | |
| Defendant. | |

ACOSTA, Magistrate Judge:

*Introduction*

Currently before the court is the Bill of Costs filed by defendant Leupold & Stevens, Inc. ("Leupold") seeking $8,287.46[1] in costs. Plaintiffs HVRT ("HVRT") and Lightforce USA, Inc.,

---

[1] In their Bill of Costs, Leupold seeks total costs in the amount of $8,287.46. However, Jason A. Wrubleski ("Wrubleski") represents in his initial declaration that Leupold "seeks in total $9,632.41

PAGE 1 – OPINION AND ORDER

d/b/a Nightforce Optics and Nightforce USA ("Lightforce") (collectively "Plaintiffs") oppose the amount requested for copying costs and *pro hac vice* fees. The court grants in part and denies in party Leupold's cost bill and awards Leupold $7,125.21 in total costs.[2]

*Background*

Plaintiffs filed this patent infringement suit against Leupold alleging Leupold is infringing on various patents owned by HVRT and licensed by Lightforce. In an Opinion and Order dated May 15, 2019, the court construed various terms in all but one of the patents at issue. *Lightforce USA, Inc. v. Leupold & Stevens, Inc.*, Case No. 17-cv-01153, 2019 WL 2146245 (D. Or. May 15, 2019). Thereafter, Plaintiffs joined with Leupold in filing a motion for consent judgment and on August 26, 2019, the court entered the proffered consent judgment in which Plaintiffs' conceded that based on the court's recent construction of the terms at issue, the alleged accusing products do not infringe on any of the asserted claims of three of the four patents at issue but with leave to appeal construction of the terms once Plaintiffs' claims based on the final patent were resolved.

In a second Opinion and Order dated September 24, 2020, the court granted Leupold's motion for summary judgment on the final patent, finding the alleged accused products do not infringe on the final patent under the prior claim construction ruling or that the final patent is invalid as anticipated by prior art. *Lightforce USA, Inc. v. Leupold & Stevens, Inc.*, Case No. 17-cv-01153, 2020 WL 5733173 (D. Or. Sept. 24, 2020). The court, finding the matter fully

---

for the following taxable costs." (Wrubleski Decl. dated October 12, 2020, ECF No. 104 ("First Wrubleski Dec."), ¶ 26.) In his second declaration, Wrubleski concedes the $9,632.41 figure "was a clerical error and should have recited $8,287.46 instead of $9,632.41. (Wrubleski Decl. dated October 30, 2020, ECF No. 110 ("Second Wrubleski Decl."), ¶ 2.)

[2] The parties have consented to jurisdiction by magistrate judge in accordance with 28 U.S.C. § 636(c)(1).

PAGE 2 – OPINION AND ORDER

adjudicated in favor of Leupold, entered a judgment dismissing the case with prejudice on September 30, 2020. Leupold filed the Bill of Costs on October 12, 2020.

*Legal Standard*

Rule 54 of the Federal Rules of Civil Procedure ("Rule 54") provides costs "should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1) (2019). The specific items a prevailing party may recover as costs are listed in 28 U.S.C. § 1920 ("Section 1920"), and include:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Rule 54 creates a presumption in favor of awarding costs to the prevailing party; if a district court departs from that presumption, it must provide an explanation so that the appellate court can determine whether the district court abused its discretion. *See, e.g. Ass'n of Mexican- American Educators v. California*, 231 F.3d 572, 592-93 (9th Cir. 2000) (en banc) (if disallowing costs, the district court should "explain why a case is not 'ordinary' and why, in the circumstances, it would be inappropriate or inequitable to award costs."). *See also Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003) (district court "need only find that the reasons for denying costs are not sufficiently persuasive to overcome the presumption in favor of an award."). Courts, however,

are free to construe the meaning and scope of the items enumerated as taxable costs in Section 1920 (*Taniguchi v. Kan Pacific Saipan, Ltd.*, 633 F.3d 1218, 1221 (9th Cir. 2011); *Aflex Corp. v. Underwriters Lab., Inc.*, 914 F.2d 175, 177 (9th Cir. 1990)(per curiam)), and even if a party satisfies the definition of prevailing party, the district court retains broad discretion to decide how much to award, if anything. *Farrar v. Hobby*, 506 U.S. 103, 115-16 (1992). *See also Arboireau v. Adidas Salomon AG*, No. 01-105-ST, 2002 WL 31466564, at *4 (D. Or. June 14, 2002) (trial judge has wide discretion in awarding costs under Rule 54). In exercising this discretion, the court may consider the amount of costs involved; a plaintiff's ability to pay the costs, including the possibility that the award may leave the plaintiff indigent; and the potential chilling effect on any future civil rights litigants if the costs were imposed. *Stanley v. Univ. of S. California*, 178 F.3d 1069, 1079 (9th Cir. 1999). Additionally, a finding that the issues in the case were close and complex may provide further justification for the denial of costs. *Mexican-American Educators*, 231 F.3d at 593. Ultimately, it is "incumbent upon the losing party to demonstrate why the costs should not be awarded." *Id.*

Local Rule of Civil Procedure ("Local Rule") 54–1(a)(1) requires the prevailing party to "file an affidavit or declaration and appropriate documentation" in support of a bill of costs. Local Rule 54–1(a)(2) further requires, by reference to 28 U.S.C. § 1924, an affidavit verifying that the items claimed in the cost bill are "correct[, have] been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed." 28 U.S.C. § 1924. A bill of costs unaccompanied by the required affidavits and documentation is insufficient. *See Primerica Life Ins. Co. v. Ross*, No. CV 06–763–PK, 2006 WL 317044, at *3 n.2 (D. Or. Nov.

PAGE 4 – OPINION AND ORDER

1, 2006) (affidavits stating only amounts of fees and costs do not allow the court to determine the reasonableness of such expenses).

*Discussion*

I. Fees of the Clerk and Marshal (28 U.S.C. § 1920(1))

A prevailing party may recover for "fees of the clerk and marshal[.]" 28 U.S.C. § 1920(1). Costs related to service are allowed under 28 U.S.C. § 1920(1). *Tucker v. Cascade General, Inc.*, No. 3:09-cv-1491-AC, 2015 WL 2092849, at *2 (D. Or. May 5, 2015). Leupold seeks $1,464.85 in costs relating to the service of summons and subpoenas. These costs are supported by detailed itemization and appropriate documentation. Leupold is entitled to $1,464.85 in service costs.

Leupold also seeks to recover $300.00 in fees incurred in filing its motion for leave to allow Brian C. Park to appear *pro hac vice*. Plaintiffs object to this cost asserting these fees are not allowed in the Ninth Circuit. In its reply brief, Leupold expressly withdrew its for *pro hac vice* filing fees based on the authority cited by Plaintiffs. Consequently, the court denies this cost, thus reducing by $300.00 Leupold's total requested costs.

II. Fees for Printed or Electronically Recorded Transcripts Necessarily Obtained for Use in the Case 28 U.S.C. § 1920(2))

A prevailing party may recover for "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case[.]" 28 U.S.C. § 1920(2). Leupold seeks $528.15 for transcripts of the claim construction hearing held on December 11, 2018. The issues addressed at the December 11, 2018 hearing were relevant and necessary to subsequent proceedings in this lawsuit, the transcripts were ordered by both parties, and the transcript costs were shared.

Additionally, these costs are supported by detailed itemization and appropriate documentation. Leupold is entitled to $528.15 for the transcript.

III. Fees and Disbursements for Printing and Witnesses (28 U.S.C. § 1920(3))

A prevailing party may recover for "[f]ees and disbursements for printing and witnesses[.]" 28 U.S.C. § 1920(3). "A witness shall be paid an attendance fee of $40 per day for each day's attendance." 28 U.S.C. § 1821(b) (2019). Mileage is permitted in addition to per diem. 28 U.S.C. § 1821(c)(2). "To be taxable as costs, the witness's testimony must be material to an issue tried and reasonably necessary to its disposition." *Williams*, 2019 WL 8440513, at *5 (citing *United California Bank v. THC Financial Corp.*, 557 F.2d 1351, 1361 (D. Haw. 1977)). "The trial judge is in the best position to determine whether the testimony meets this standard." *Id.* (citing *United California Bank*, 557 F.2d at 1351).

Leupold seeks $168.86 in attendance fees and mileage for two witnesses. Leupold provided the requisite detailed itemization and documentation, and Plaintiffs do not contest the materiality of the witness's testimony. Leupold is entitled to $168.86 in attendance and mileage costs.

IV. Fees for Exemplification and the Costs of Making Copies of Any Materials Where the Copies are Necessarily Obtained for Use in the Case 28 U.S.C. § 1920(4)

A prevailing party may recover for "the costs of making copies of any materials where the copies are necessarily obtained for use in the case[.]" 28 U.S.C. § 1920(4). Leupold seeks to recover $4,963.35 in electronic discovery costs, specifically document uploading and production. These costs are supported by detailed itemization and appropriate documentation, and Plaintiffs do not contest them. Leupold is entitled to $4,963.35 in electronic discovery costs.

Leupold also seeks $862.25 for "other reproduction and exemplification" costs. Plaintiffs object to these costs, asserting Leupold fails to meet the requirement for appropriate documentation. Plaintiffs note the evidence supporting the copying costs is limited to a one-page schedule revealing copy dates, a brief description of the copied documents, page rates for black-and-white and color copies, and the amount claimed. Additionally, the supporting declaration merely represents that the "Court and [Plaintiffs] have received the hard copies of documents resulting in these costs to Leupold, and Leupold will on request submit copies of its invoices containing these costs." (First Wrubleski Decl. at ¶ 25.) Plaintiffs contend "suggesting the onus is on Plaintiffs to request these invoice hardcopies does not satisfy Leupold's burden to provide appropriate documentation." (Pls.' Obj. to Def.s' Bill of Costs, ECF No. 107 ("Pls.' Obj.") at 2.) Additionally, Plaintiffs assert Leupold's request for "$0.75 per page for 'color' copies of documents in which most of the pages include no content in color" is inappropriate, because the "burden is on neither Plaintiffs nor the Court to count Leupold's 'color" pages when it failed to properly do so at the outset." (Pls.' Obj. at 2.)

Leupold contends Plaintiffs' first argument in moot because Leupold has now submitted the invoices at issue. (Second Wrubelski Decl. Ex. A.) Leupold also asserts the requested amount reflects the actual costs incurred by Leupold for copies necessarily obtained for use in the case and explains "when copies of a document containing color pages are needed, Leupold's counsel's practice is to simply print the document in color, rather than attempt to separate out color pages for a separate process and then reassemble the document after printing." (Def.'s Resp. to Pls.' Obj., ECF No. 109 ("Def.'s Resp."), at 2.) Specifically, Leupold contends that "Plaintiffs cite no

authority suggesting that the inefficient, time-consuming, and ultimately more expensive practice they propose should be required." (Def.'s Resp. at 2.)

"Copying costs for documents produced to opposing parties in discovery, submitted to the court for consideration of motions, and used as exhibits at trial are recoverable." *Hunt v. City of Portland*, No. CV 08-802-AC, 2011 WL 3555772, at *11 (D. Or. Aug. 11, 2011) (citing *Teicher v. Regence Health and Life Ins. Co.*, No. 06–1821–BR, 2008 WL 5071679, at *11 (D. Or. Nov. 24, 2008); *Arboireau v. Adidas Salomon AG*, No. CV-01-105-ST, 2002 WL 31466564, at *6 (D. Or. June 14, 2002)). Recoverable copying costs do not include extra copies of filed papers, correspondence, copies of cases, or in-house photocopying. *Id.* (citing *Arboireau*, 2002 WL 31466564 at * 6; *Frederick v. City of Portland*, 162 F.R.D. 139, 144 (D. Or. 1995)). A prevailing party must explain the nature of the photocopying so that the court may determine which costs, if any, are properly awardable. *Id.* (citing *Key Bank Nat'l Ass'n v. Van Noy*, 598 F.Supp.2d 1160, 1168 (D. Or. 2009); *Robins v. Scholastic Book Fairs*, 928 F.Supp. 1027, 1035 (D. Or. 1996)). "A party's conclusory assertion that all copies were reasonably necessary to its case is, by itself, insufficient." *Id.* (citing *Kraft v. Arden*, No. 07–487–PK, 2009 WL 73869, at *9 (D. Or. Jan. 8, 2009)).

When Leupold submitted its Bill of Costs, it did not provide appropriate documentation to support $862.25 in copying costs. The invoices submitted seeking to correct this error do not remedy the omission, because the figures and dates contained in Schedule D-2 of the Bill of Costs do not align with the figures and dates contained in the invoices submitted. For example, in Schedule D-2, Leupold asserts $327.00 in costs for copies for "Corrected Claim Construction Brief and supporting Declarations" on September 17, 2018, but there is no corresponding date or figure

in the newly submitted invoices. This is true for every cost described in Schedule D-2. The invoices are heavily redacted and contain little more than the totals for copies, invoice numbers, and dates. This information would potentially suffice if it in some way reflected the information in the Bill of Costs or Schedule D-2. It might also suffice if it was clear how Leupold reached $862.25 using the numbers in these invoices; instead, the court is left with conflicting arithmetic.

Leupold did not provide appropriate or detailed documentation of its copying costs. Nor did it appropriately explain the nature of photocopying so that the court could determine which costs, if any, are properly awardable. Therefore, Leupold's requested costs are reduced by $862.25. Because Leupold does not provide appropriate documentation, the court need not, and does not, reach the issue whether Leupold's counsel's copying practices support recoverable copying costs.

*Conclusion*

Leupold's Bill of Costs (ECF No. 103) is GRANTED in part and DENIED in part. Under 29 U.S.C. § 1920, Plaintiffs are entitled to costs the amount of $7,125.21, their original request being reduced by $300.00 and $862.25, for a total reduction of $1,162.25.

DATED this 29th day of January, 2021.

JOHN V. ACOSTA
United States Magistrate Judge